ALPHONSO BROOKS, Appellant, *v.* JOSEPH H. LYON, Respondent.

Where a slight degree of prudence would guard against surprise, it is not a sufficient ground to allege for a new trial.

The affidavit did not state, that the newly discovered evidence was discovered since the trial, nor in what particular it would be material, nor what important fact it would tend to establish, nor that due diligence was used, nor why it could not with reasonable diligence have been discovered and produced at the trial of the cause.  Held, that a new trial was properly refused.

APPEAL from the Fourth Judicial District.

This was an appeal, taken September 6, 1852, from a judgment of the District Court refusing to grant a new trial, upon the motion and affidavit of the defendant.

The insufficiency of the affidavit upon which the motion was based, was the only question considered in this court.  And its defects are particularly pointed out in the opinion of the court.

*M'Henry*, for appellant.
No brief filed for respondent.

WELLS, Justice, delivered the opinion of the court.  HEYDENFELDT, Justice, concurred.

The affidavit on which the motion for a new trial, on the ground of surprise and newly discovered evidence, was based, was insufficient.

From aught that appears to the contrary, the cause was noticed for trial in due form, and at a proper time, and was

placed upon the calendar for the trial of causes, and called on for hearing in its regular order; and while there is nothing to show that the defendant was taken by surprise, except his own naked and unsupported allegation, it would seem that the exercise of the slightest degree of prudence on the part of himself or his attorney, could have guarded against it.

The affidavit is equally insufficient to sustain the other ground upon which a new trial was asked. It does not show that the evidence claimed to be newly discovered, was discovered since the trial, nor in what particular such evidence was material, nor what important fact it would tend to establish, nor that due diligence was used, nor why it could not with reasonable diligence have been discovered and produced at the trial of the cause; all of which facts should have been affirmatively shown by the applicant. Daniel *v.* Daniel, J. Marshall's Reports, 52; Graham on New Trials; and Bartlett *v.* Hogden, Cal. Sup. Court, Jan. Term, 1853.

It is not pretended that the facts which it is alleged could be proved by the testimony of Taylor, constituted the newly discovered evidence relied upon, nor that any diligence was exercised to obtain his evidence, either through an application for a commission to take his deposition or otherwise. We are therefore of opinion, not only that the court below properly refused the motion, but that the appeal is entirely without justice, and frivolous, and, as appears to us, was only made for delay.

The judgment of the court below is affirmed, with costs, and ten per cent. damages upon the amount of the judgment, to be added to said amount when ascertained.