[No. 9958.   Department One. — March 1, 1888.]

# THE PATENT BRICK COMPANY et al., Respondents, v. CHARLES P. MOORE et al., Appellants.

New Trial—Insufficiency of Evidence to Support Decision — Statement must Specify Particulars. — Where a motion for a new trial is made on the ground of the insufficiency of the evidence to justify the decision, and the statement of the case contains no specifications of the particulars wherein the evidence is claimed to be insufficient, the court, on the hearing of the motion, must disregard the statement as to that ground for a new trial.

Id. — Absence of Exceptions — Decision against Law. — Where the statement of the case shows that no exceptions were taken during the trial to any act of the court, a motion for a new trial on the ground that the decision is against law is properly denied.

Id. — Mechanic's Lien — Sureties on Bond of Contractor — Findings — Estoppel in Pais. — The action was brought to foreclose a mechanic's lien, and judgment was rendered in favor of the plaintiffs. The statement on motion for a new trial showed that a certain bond, executed by the plaintiffs as sureties for the contractor, and introduced in evidence without objection, contained a stipulation that the building should be delivered over to the owner free of all liens. The findings contained nothing showing that any such clause was in the bond, and no issue was made by the pleading as to the bond operating as an estoppel. *Held*, that as the statement contained no specification as to the particulars in which the evidence was insufficient to justify the decision, such clause in the bond could not be held as operating as an equitable estoppel *in pais* to prevent the plaintiffs from foreclosing their lien.

Id. — Liquidated Damages — Delay in Completing Building — Evidence. — A stipulation by the contractor in a building contract to pay the owner a specified amount as liquidated damages for each day's delay in completing the building is not sufficient of itself, in the absence of other evidence showing the impracticability or extreme difficulty of fixing the actual damage caused by the delay, to entitle the owner to recover the amount stipulated for as liquidated damages, upon the failure of the contractor to complete the building within the contract time.

Id. — Materials Furnished to be Used in Building — Pleading —Findings. — In an action to foreclose a lien for materials furnished a contractor and used by him in the construction of a building, the complaint must allege and the findings show that the materials were furnished to be used in the building; and a finding that the materials were furnished to be used and were used in the construction and erection thereof is sufficient.

Id. — Assignment of Claim. — In an action by an assignee to foreclose a lien for materials furnished for and used in the construction of a building, it is not necessary to support a judgment for the plaintiff that the complaint should specifically allege, or that the findings should show, that the assignment of the claim on which the lien is based was in writ-

ing. An allegation and finding that the claim was assigned to the plaintiff is sufficient.

ID. — LABORER ENTITLED TO LIEN. — A person who performs labor upon and in the construction of a building, at the request of the contractors, is entitled to a lien thereon, under section 1183 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Estee, Wilson & McCutchen*, for Appellant.

The damages stipulated for in the bond in the event of the non-completion of the building within the contract time were from their very nature incapable of exact estimate. The court therefore erred in finding that the defendant was not damaged by the delay. (*People* v. *Love*, 19 Cal. 681; *Streeter* v. *Rush*, 25 Cal. 67; Sedgwick on Damages, 417–442; *Muldoon* v. *Lynch*, 66 Cal. 536.)

*D. H. Whittemore, Jarboe & Harrison, A. N. Drown, Arthur Rodgers, Cutler & Eisner, K. M. Smith, Flint & Stone, William H. Fifield,* and *William H. H. Hart*, for Respondents.

FOOTE, C.—Nine separate actions were instituted in the trial court for the foreclosure of mechanics' liens against certain property belonging to the Mechanics' Institute, arising out of a building contract which the institute had entered into with Charles P. Moore et al. Those several actions were by order of court consolidated into one, and tried without a jury.

Judgment of foreclosure in behalf of all the lien claimants was rendered, and from that and an order refusing to grant a motion for a new trial, the Mechanics' Institute has appealed.

The grounds upon which the motion for a new trial

proceeded, as set out in the notice of intention, were: 1. Insufficiency of the evidence to justify the decision; 2. That the decision is against law; 3. Errors in law occurring on the trial and excepted to by the defendant.

We will first consider the case as it affects the appellant and Charles Hanson et al., respondents.

There is no specification in the statement of the case of the particulars wherein the evidence is alleged to have been insufficient to justify the decision, therefore the court below was obliged to disregard the statement as to that ground for a new trial.

As to the second ground, it appears from the statement that there was no exception whatever taken at any time during the trial to any act of the court, so that it was justified in refusing to grant a new trial upon that ground.

It is claimed for the appellant that the court should not have given a decision in favor of enforcing the lien of Hanson et al., and should not have rendered a judgment of foreclosure in their favor because a certain bond which appears in the statement of the case as signed by Hanson and one Joost as sureties for C. P. Moore et al. (the contractors in the building of the institute), contained an express stipulation that the building should be delivered over to the appellant free and clear of all liens. It is argued that inasmuch as Hanson and Joost signed such a bond as sureties that they cannot be allowed to foreclose a lien for materials furnished the contractors, Moore et al., which were used to complete the appellant's building. It is said that the clause in the bond, above referred to, worked as an equitable estoppel *in pais*, and prevented Hanson and Joost from foreclosing their alleged lien.

There is nothing in the findings which indicates that any such clause existed in the bond, and there is no issue made by the pleadings based upon any such contention as is here made. As the trial court was not in-

formed in the statement of the case, that the appellant claimed the evidence to be derived from the recitations of that clause of the bond did not justify the decision, we cannot perceive how the court could have done otherwise than refuse a new trial, because of the mere existence of such a clause in the bond, introduced in evidence.

But it is further argued that although an estoppel *in pais* may not be properly pleaded, yet where evidence tending to show such an estoppel is introduced without objection, that a verdict based thereon will not be disturbed, and from that it is argued that where such evidence is introduced in a case tried by the court without a jury, that a decision is against law if the trial court omits to make a finding thereon.

The case of *Davis* v. *Davis*, 26 Cal. 23, is cited to us in support of that view.

But we fail to see how it is applicable here. There the party waived his right to object to evidence not responsive to the issues made by the pleadings; and it was very properly held that it was a waiver of an existing right, and for that reason the verdict should not be disturbed, and the case was to be considered as if the estoppel had been pleaded.

But we do not understand that it was held in that case that the trial court *must make* a finding based upon evidence, not responsive to the issues made by the pleadings, even although such evidence may have been introduced on the trial without objection.

Again, it is urged that the court below was not justified in finding that the appellants had suffered no damage by reason of the delay in the construction of their building.

It is said that the bond signed by Hanson and Joost contained a clause that if the building was not completed by a certain day, that they should pay one hundred dollars for each day of delay as liquidated damages. But as we have before said, the court could not, on the

motion for a new trial, consider that matter, because there was no specification filed wherein the evidence was alleged to be insufficient to support the decision.

But it is pressed upon us that, as the findings show such a clause did exist in that bond, and that it was pleaded by the appellants as against the right of the respondents to recover, it is apparent upon the judgment roll that the court erred in its decision and judgment.

We must take the language of the finding which sets out a recital of the bond in considering this matter, as the error, if any, is to be determined on the judgment roll. It does not anywhere appear in the findings that "from the nature of the case" in hand, it was "impracticable or extremely difficult to fix the actual damage" that would result from non-completion of the building by a certain date. (Civ. Code, sec. 1671.) Nor does it appear anywhere in the judgment roll that such was the nature of the case.

That being so, we cannot perceive how the contention of the appellant is maintainable, when we come to consider the language of the section *supra*, taken in connection with section 1670, Civil Code, which is as follows:—

"Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

As a matter of course, we do not mean to declare that there may not be cases where from their very nature the point made by the appellants, that parties may themselves anticipate and fix liquidated damages to be recovered on a breach of contract, would be good, but it must always, as it seems to us, be demonstrated by satisfactory evidence, that the case is one where such liquidated damages may, under the statute, be contracted for and recovered.

In the present case there is nothing in the record to show that it was impracticable or extremely difficult to

have fixed the actual damage which would result by the failure of the contractors to complete the building by the date mentioned in their contract.

Certainly the stipulation in the bond does not of itself, in the absence of all other evidence upon the subject, make it clear that it would be extremely difficult or impracticable to fix the actual damages that would result from a breach of the bond in not finishing the building by a certain date.

It would appear, therefore, that the findings do support the decision, and that it was not against law, so far as it affects the rights of the appellants, and Hanson and Joost.

Upon the matter of the allowance of an attorney's fee, the Institute in its answer does not claim that no fee should be allowed, but simply claims that $250 would be a sufficient fee. It was, therefore, left by all parties to the discretion of the trial court to fix the amount of that fee, and we do not see but what it has been judiciously exercised.

It is claimed that the decree in favor of W. J. Weatherly was erroneously entered by the trial court, that the lien established in his favor is not valid, and cannot be enforced, because, as the appellant alleges, it does not appear that the material was expressly furnished for the building, that Whittier, Fuller & Co., who furnished the materials, had assigned it in writing to Weatherly, or that the bill or demand therefor was in writing.

The statement of the case could not be examined to see if the evidence on these points was insufficient to justify the decision, because there were no particulars specified in which the evidence was alleged to be insufficient.

There does not appear to have been any exception or objection taken to any action of the court during the trial. The findings show, and the complaint states, that the materials furnished by Whittier, Fuller & Co. were

sold to be used and were used in the building, and that the claim was assigned and transferred to W. J. Weatherly by Whittier, Fuller & Co.

We think that this finding, to the effect that materials were furnished to be used in the building, and were used in the construction and erection of the building, was sufficient, taken with the allegations of the complaint as to those same matters, to bring this case within the rule laid down on the point in question in *Holmes* v. *Richert*, 56 Cal. 307; *Bottomley* v. *Rector and Wardens of Christ Church*, 2 Cal. 90.

And when it is said in the finding that the claim was transferred and assigned to respondent, it will be presumed, in the absence of anything to show to the contrary, that the court thus found upon sufficient evidence that the claim was assigned in writing.

The rule laid down in *Ritter* v. *Stevenson*, 17 Cal. 388, cited to us to support the appellant's contention as to this matter, declares a rule of evidence, for in that case it affirmatively appeared that the assignment of the claim and lien was oral. In this case it does not anywhere appear that the assignment and transfer was oral. And when the court in its finding says it was transferred and assigned, it must be presumed that the evidence showed it to be a legal transfer and assignment in writing, since we are confined to the judgment roll in considering the question. Error on appeal must be affirmatively shown. (Hayne on New Trial, sec. 241; *Mulcahy* v. *Glazier*, 51 Cal. 626.)

The assignment to Weatherly is pleaded in the same language as that of the findings, and this is sufficient. (*Millard* v. *Hathaway*, 27 Cal. 140; Hayne on New Trial, sec. 242, subd. *b*.)

Findings should not consist of mere matters of evidence; and an allegation in the pleading that the claim was transferred and assigned in *writing* is an allegation

of a matter of evidence so far as the statement that it was *in writing* is concerned, and need not be found.

It is claimed that the court erred in finding that Charles Williams was entitled to a lien. We cannot examine the statement of the case to ascertain what the evidence was, because no specification of particulars wherein it was claimed to be insufficient to justify the decision was made by the appellant. We must look to the findings, then, to see what was the basis of Williams's claim to a lien upon the building.

The finding is to the effect that Williams performed labor upon and in the construction of the building at the request of the contractors, and that the value thereof was $474.81.

In the absence of anything to show to the contrary, it would appear from the finding that Williams, as a person, performed labor upon and in the construction of the building, and was, therefore, entitled to enforce his lien, the claim therefor having been duly filed under section 1183, Code of Civil Procedure, which is as follows:—

"Mechanics, material-men, contractors, subcontractors, artisans, architects, machinists, builders, miners, and all persons and laborers of every class, performing labor upon or furnishing materials to be used in the construction, alteration, or repair, . . . . of any building . . . . or other structure, shall have a lien upon the property upon which they have bestowed labor or furnished materials."

The appellant does not appear to question the validity of any other of the liens for which judgment was rendered.

The further claim is made in its behalf, that the judgment should be reversed for the reason that the findings are inconsistent and cannot be harmonized, but we can see no force in the contention.

Perceiving no prejudicial error in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.