RUNNER v. WOITKE et al.

(Third Division.   Fairbanks.   July 22, 1905.)

No. 222.

1. NEW TRIAL—FORM OF MOTION.
   A "notice of motion for a new trial," setting out the formal grounds, and treated by both parties as a motion for a new trial, sufficient.

   [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 277, 278.]

2. NEW TRIAL—PLEADINGS.
   The only point urged on the motion for a new trial was that the complaint showed that it was a law case, and not one in equity.   *Held*, where this point was raised first on motion for a new trial, that mere errors in pleading cannot be reached on a motion for a new trial.

   [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 38.]

3. PLEADING—JURISDICTION—NEW TRIAL.
   If a complaint shows upon its face that the court has no jurisdiction, it is subject to demurrer and the case to dismissal; but a new trial will not be granted for that reason.

Motion for New Trial.   Denied.

Claypool, Stevens, Kellum & Cowles, for plaintiff.

Bion A. Dodge, for defendants.

WICKERSHAM, District Judge.   On May 5th defendants filed in this case a "notice of motion for a new trial," addressed to plaintiff's attorneys, which, omitting the title of the court, cause, and attorneys addressed, is as follows:

"You will please take notice that the defendant Fred E. Woitke, intends to move the court to vacate and set aside the decision of the court rendered in the above cause, and to grant a new trial of said cause, upon the following grounds, to wit:   (1) Newly discovered evidence material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial.   (2) Insufficiency of the evidence to justify the decision, and that said

decision is against the law. (3) Errors in law occurring in the trial of said cause, and excepted to by said defendant. Said motion will be made upon affidavits hereafter to be filed and served upon you, and upon the minutes, records, files, and papers of said cause on file in said court, and the minutes of the stenographic reporter taken at the time of the trial of said cause."

More than two months thereafter the matter was called for hearing. No other or additional motion was filed, no affidavits were filed disclosing any alleged newly discovered evidence, no other specification of error was filed, and the above was treated and argued as a motion for a new trial without objection. Van Valkenburg v. Huff, 1 Nev. 142.

The first ground upon which this motion is based is the fourth in section 226 of the Code of Civil Procedure, and section 229 thereof provides that, when the motion is made for that cause, "it shall be upon affidavits setting forth the facts upon which such motion is based, unless they appear of record in the cause." No such affidavits are filed, and no record thereof is suggested or known to the court; that part of the motion is denied.

The second ground contained in the motion was not relied on in the argument, and since it was not supported by any sufficient specification the first part thereof cannot be regarded. Patent Brick Co. v. Moore, 75 Cal. 205, 16 Pac. 890.

The only point made by counsel upon the argument of this motion was that it appeared upon the face of the complaint that it stated a law case—an action in ejectment—and that the plaintiff had a plain, speedy, and adequate remedy at law, and that there was, therefore, no jurisdiction in equity to grant relief. No demurrer was interposed to the complaint. It was drawn upon the theory that a relation of confidence and trust existed between plaintiff and defendants as co-tenants and co-owners of the same real property. The answer sets up an equitable defense, and the cause was voluntarily submitted to the court as an equity cause. Errors in pleading

cannot be reached by a motion for a new trial. 16 Am. & Eng. Ency. of Law (1st Ed.) p. 513. Motions upon the pleadings and other matters arising before the trial is actually entered upon furnish no basis for a motion for a new trial. Powder River Cattle Co. v. Custer Co. (Mont.) 22 Pac. 383; Scherrer v. Hale (Mont.) 22 Pac. 151. Questions of the sufficiency of the pleadings and the jurisdiction of the court, if not directly raised and passed on at the trial, will not afford a ground for a new trial. 16 Am. & Eng. Ency. of Law (1st Ed.) p. 666. That the complaint shows upon its face that the court has no jurisdiction is a ground for demurrer, and will justify a dismissal of the action, but not a new trial.

No error in law occurring at the trial and excepted to by the defendants was presented to the court on the argument of this motion, and the third ground of the motion must also be denied.

No sufficient ground for a new trial is plainly specified in the motion. Moore v. Steelsmith, 1 Alaska, 121–139; Barnette v. Freeman, p. 286, supra; Williams v. Alaska Com'l Co., p. 43, supra; and section 229, Code of Civil Procedure, Alaska Codes. The motion for a new trial is denied.