## GANDÍA *v.* PIZÁ HERMANOS.

## APPEAL from the District Court of San Juan.

### No. 689.—Decided June 24, 1911.

FAITHFUL AND CONCISE STATEMENT OF CASE—RULES OF SUPREME COURT.—According to rules 42 and 43 of the Rules of the Supreme Court, it is unnecessary for appellant's counsel, in making a faithful and concise statement of the case in his brief, to copy fully the pleadings and the evidence set forth in the record. It is sufficient to make a brief statement of what was done in the trial court.

NEW TRIAL—GROUNDS OF MOTION FOR NEW TRIAL.—In a motion for a new trial, not only should the grounds thereof be specified, but such grounds must conform to the provisions of section 221 of the Code of Civil Procedure.

ID.—SURPRISE—CONTRACT OF EMPLOYMENT ALLEGED IN COMPLAINT—EVIDENCE TO PROVE THAT SAID CONTRACT WAS VERBAL.—Under the general allegation made in the complaint of the existence of a contract of employment between the plaintiff and the defendant, evidence to prove that said contract was written or verbal may be introduced; and should the defendant desire to know before the trial whether the contract alleged in the complaint is written or verbal, he should file a motion or a demurrer of special character in due time.

ID.—SURPRISE—CONTRACT OF EMPLOYMENT ALLEGED IN COMPLAINT.—The fact that evidence was introduced to show that the contract of employment alleged in the complaint was verbal and had no reference to the partnership contract of the defendant firm, does not constitute such surprise as may serve the defendant as grounds upon which to obtain a new trial, since the date of the contract alleged in the complaint is not the same as that of the deed of partnership, and in accordance with the doctrine laid down in the preceding paragraph, the general allegation of a contract of employment admits the introduction of evidence to show that it was written or verbal.

ID.—SURPRISE CAUSED BY INADMISSIBLE EVIDENCE.—When the surprise alleged in moving for a new trial is caused by inadmissible evidence, the procedure to follow is to object to the introduction of such evidence, and to argue on appeal the error of its admission, not to rely on a motion for a new trial to correct such error.

ID.—INCOMPETENT EVIDENCE—SPECIFICATION OF PARTICULARS CONSTITUTING SUCH INCOMPETENCY.—When a motion for a new trial is based on the incompetency of the evidence it is absolutely necessary to specify in the motion, in the statement of the case, or in the appellant's brief, the particulars which constitute such incompetency so that this court may examine into the latter.

ID.—ISSUES INVOLVED IN NEW TRIAL.—A motion for a new trial may be based on lack of evidence or errors of law, and the granting thereof implies a reexamination of the facts in the trial court.

SURPRISE.—A motion for a new trial on the ground of surprise is granted with great caution, and the mover must show clearly that the surprise was not

due to his own negligence and that, should a new trial be granted, the result thereof will be different

The facts are stated in the opinion.

*Mr. Juan Hernández López* for appellants.

*Mr. Antonio Sarmiento* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was tried in the District Court of San Juan on November 10, 1910, and judgment rendered in favor of plaintiff. A motion for a new trial was promptly made, and on March 15, 1911, the same was overruled. In the meantime the judges of the said court had been changed, the Hon. Pedro de Aldrey, who tried the case, had been elevated to the Supreme Bench, and the Hon. Jorge V. Domínguez had succeeded to the district bench. The transcript was filed in this court on April 8 last, and the appeal was heard on May 16.

The counsel for appellants makes an assignment alleging 10 errors said to have been committed by the court below requiring a reversal of the order refusing the new trial. Some of these are identical with those set out in the appeal from the judgment and have had full consideration in that case, No. 683, and are not deemed well taken. So we will pass them over and confine ourselves to the other three alleged errors, which treat more particularly of the motion for a new trial and the order of the court overruling the same.

These several assignments will be copied literally as they appear in the record, and read as follows:

"1. The motion for a new trial must not specify, as the court holds in its decision, the grounds on which it is based, it being sufficient that said grounds conform to the terms set forth in section 221 of the Code of Civil Procedure.

"2. On filing the motion for a new trial, this party presented, annexed thereto, in due time, a statement of the case, in conformity with the provisions of section 233 of the Code of Civil Procedure, as the ground and basis of the attack made on the judgment because of the insufficiency of the evidence to justify the judgment or decision, or because the latter is contrary to law.

"3. The ground for the decision from which the appeal is taken

is likewise erroneous, in so far as it establishes that a motion for a new trial is the revision of a question of fact, and not of a question of law, as would be the case here, according to the language of the court.''

We will endeavor to consider and discuss these questions somewhat in the order presented by counsel in his brief. And it may be as well to remark right here that the distinguished advocate representing the appellants seems to take an erroneous view of the requirements of rules 42 and 43 of this court. In requiring a faithful and concise statement of the case it was never intended that copies of the pleadings and the evidence should be set forth in full in the brief, but only that counsel should briefly relate, in his own words, what had been done in the trial court to give the appellate court at the outset a general view of the case and the questions that would arise in the course of the investigation. We have said this more than once before and repeat it now in the hope of saving the bar unnecessary labor in the future. See opinion of this court on the motion to suppress the appellant's brief in the case of the *Municipality of Carolina* v. *Saldaña,* (16 P. R. R., 717) rendered November 22, 1910.

The respondent in his brief directs four objections to the manner in which this case is brought to this court and presented here; but under rule 62 they come too late to receive consideration at this time. So only the last point made by respondent will be taken up in due course in this discussion; that is, that the appeal is in all the lights which surround it unavailing. But let us first examine the case as presented by the appellant.

*First.* In regard to the first assignment, we would say that, in our opinion, the motion for a new trial should not only specify the grounds on which it is based, but that such grounds should conform to the terms set forth in section 221 of the Code of Civil Procedure; that is to say, the court which is asked to grant the new trial must be informed of the reasons which render this necessary to attain the ends

of justice, and they must be included within the six causes specified in the statute. Such a requirement is absolutely necessary to orderly procedure and to keep the practice of the courts from degenerating into chaos and depending altogether on the whims and caprices of courts or counsel.

The first assignment shows, when taken in connection with the explanations contained in the brief, that the motion for a new trial was based on the ground of accident or surprise, as is provided for in the second paragraph of section 221 of the Code of Civil Procedure. It seems that the counsel for appellant, and thereby the parties themselves, were surprised that the proof of the contract offered by the respondent did not conform to the allegations contained in the complaint. This surprise, such as it was, clearly arises from a misconception of counsel as to the terms of the pleadings. The complaint alleges a contract of employment between the parties, plaintiff and defendants, and in putting in his proof the former brings forward a verbal contract and not the clause referring thereto in the written contract of partnership made by the brothers Pizá in constituting their firm. Proper attention to the allegations of the complaint would have made it clear that the respondent relied upon a contract made between him and the managing partner on October 15, 1902, some time before the partnership contract was executed, and could have had no reference to that document, which was not then in existence. Then, of course, when the trial came on the proof sustaining this allegation was introduced, which was naturally the testimony of the respondent himself. This was competent evidence, and in fact the only source of evidence open to the respondent at the trial in the absence of the managing partner of the firm of Pizá Brothers. But had that person been present at the trial his adversary was not bound to call him as a witness. Of course, had he chosen to testify in contradiction to the testimony of the respondent, it was his privilege to do so.

But counsel also objects that the complaint does not allege

that it was a verbal contract on which the action was based and not the clause in the written instrument of partnership as the mercantile firm supposed it to be. The date of the contract as alleged shows that the written instrument was not relied on, and the complaint alleges a contract of employment; and if the defendant wished it to be stated whether it was verbal or written, an exception should have been presented thereto, when an amendment could have been made as suggested by counsel, under the terms of section 136 of the Code of Civil Procedure. But, certainly, in the absence of any such exceptions, the allegation was sufficient and could not be held to mislead anyone. Under a general allegation declaring on a contract, testimony proving either a verbal or a written contract may be introduced; and if a defendant desires to know more specifically on which of the two classes of agreement reliance is placed, he can secure that information by an appropriate motion or a special exception. The evidence introduced was perfectly consistent with the complaint and there could not possibly be any proper ground of surprise in the ruling of the court admitting it.

But if it were inadmissible an objection should have been interposed to it when presented; and if admitted over objection an exception might have been taken. Thus the error, if there may have been one, could have been corrected. This would have been the proper practice, instead of relying on a motion for a new trial. (*Fajardo* v. *Tió,* 17 P. R. R., 321, decided by this court on March 31, 1911, and cases there cited.)

*Second.* Under this so-called assignment of error no complaint whatever is made of any ruling of the trial court, nor is any error, real or supposed, designated to which the consideration of the court may be directed. A statement is made of what the appellants did in the proceedings taken by them in the court below, which may or may not be true, without in the least affecting the correctness of the order refusing the new trial. If, as is claimed by the counsel for appellant, the

evidence is insufficient to justify the judgment, then the appellants, either in their motion, their statement of the case, or in their brief, ought to show wherein its insufficiency consists, and the record fails to set forth any such showing in any part thereof. On a careful examination we find it amply sufficient and need not enter into particulars, as the assignment does not require such a discussion. Under the rules of this court no notice whatever need to have been taken of this paragraph in the appellants' assignment of errors. In support of our view on this point we may refer to *Patent Brick Co.* v. *Moore,* 75 Cal., 205, and *Lowie* v. *Salz,* 75 Cal., 349.

*Third.* The third assignment draws a distinction between questions of fact and questions of law as grounds on which to base a motion for a new trial. It is true that when once a new trial is granted, according to section 220 of the Code of Civil Procedure, it involves a reexamination of the issues of fact in the same court where the former trial was held; but the motion asking for a new trial may be based on lack of proof or error of law by which the former judgment was rendered erroneous. Yet on a careful examination of this case in all its bearings, we cannot find any material error either in law or fact, form or substance, and must approve the action of the trial court in refusing the new trial.

The appeal from this order could not prevail, no matter how clearly or ably the supposed errors of the court in making it may have been presented. New trials, which are sought on the ground of surprise, are granted with great caution. The mover must show clearly that the surprise has not resulted in any degree from his own negligence, and that if a new trial should be granted a different result might be expected on another trial. And the surprise must be conclusively shown by affidavit. (*Delmas* v. *Martin,* 39 Cal., 555; *Fajardo* v. *Tió, supra,* decided by this court on March 31, 1911; *Rogers* v. *Huie,* 1 Cal., 429; *Brooks* v. *Lyon,* 3 Cal., 114.) If the same result would in all probability occur on another trial, after

the correction of the supposed error caused by the surprise, the motion for a new trial should be overruled.

The method pursued by the distinguished counsel for the appellants in presenting this case to the court has made it difficult to grasp the points which he wishes to make; but we have endeavored to follow his train of thought as closely as possible, and hope we have reasonably succeeded. At any rate substantial justice has been attained in the refusal of the new trial, and there is no reason whatever for reversing the order made in regard thereto.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.