## GANDÍA v. PIZÁ HERMANOS.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 689.—Resuelto en junio 24, 1911.

ALEGATO DEL APELANTE—EXPOSICIÓN FIEL Y CONCISA DEL CASO—REGLAMENTO DEL TRIBUNAL SUPREMO.—El abogado del apelante al hacer en su alegato una exposición fiel y concisa del caso, de acuerdo con los artículos 42 y 43 del Reglamento del Tribunal Supremo, no necesita copiar extensamente las alegaciones y las pruebas obrantes en los autos, siendo suficiente que haga una relación concisa de todo lo actuado en el tribunal sentenciador.

NUEVO JUICIO—FUNDAMENTOS DE LA MOCIÓN DE NUEVO JUICIO.—La moción de nuevo juicio no sólo debe especificar los fundamentos en que descansa, sino que deben dichos fundamentos corresponder a los consignados en el artículo 221 del Código de Enjuiciamiento Civil.

ID.—SORPRESA—ALEGACIÓN EN LA DEMANDA DE UN CONTRATO DE SERVICIOS—PRUEBA PARA JUSTIFICAR QUE DICHO CONTRATO FUÉ VERBAL.—Bajo la alegación general hecha en la demanda, de la existencia de un contrato de servicios entre el demandante y el demandado, puede presentarse prueba para justificar que dicho contrato se celebró verbalmente o por escrito, y si el demandado deseare conocer antes del juicio si el contrato alegado en la demanda es verbal o escrito, debe presentar oportunamente una moción o una excepción previa de carácter especial para conseguir ese objeto.

ID.—SORPRESA—ALEGACIÓN EN LA DEMANDA DE UN CONTRATO DE SERVICIOS.—No constituye sorpresa que pueda servir de base para que el demandado obtenga un nuevo juicio, el hecho de haberse presentado prueba para justificar que el contrato de servicios alegado en la demanda fué verbal y no se refería para nada al contrato de sociedad de la sociedad demandada, pues la fecha del

contrato alegado en la demanda, no corresponde con la fecha de la escritura del contrato social y de acuerdo con la doctrina expuesta en el párrafo anterior, la alegación general de un contrato de servicios, admite la presentación de prueba para justificar que fué escrito o verbal.

ID.—SORPRESA OCASIONADA POR PRUEBA INADMISIBLE.—Cuando la sorpresa que se alega para pedir un nuevo juicio ha sido ocasionada por prueba inadmisible, el procedimiento que debe seguirse es objetar la presentación de dicha prueba y discutir el error de su admisión en apelación y no confiar en una moción de nuevo juicio para corregir dicho error.

ID.—INSUFICIENCIA DE LA PRUEBA—ESPECIFICACIÓN DE LOS PARTICULARES EN QUE CONSISTE DICHA INSUFICIENCIA.—Cuando una moción de nuevo juicio se funda en la insuficiencia de la prueba, para que este tribunal pueda entrar a examinar dicha insuficiencia, es absolutamente necesario que se especifiquen los particulares en que consiste dicha insuficiencia en la moción de nuevo juicio, en la exposición del caso o en el alegato del apelante.

ID.—CUESTIONES ENVUELTAS EN UN NUEVO JUICIO.—Una moción de nuevo juicio puede fundarse en falta de prueba o en errores de ley, y la concesión de un nuevo juicio implica un reexamen de los hechos ante el tribunal sentenciador.

ID.—SORPRESA.—La solicitud de nuevo juicio solicitada por sorpresa, se concede con gran cautela y el peticionario debe demostrar claramente que la sorpresa no ha sido motivada por su propia negligencia, y que de concederse un nuevo juicio el resultado habría de ser distinto.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan Hernández López.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En el presente caso se celebró el juicio ante la Corte de Distrito de San Juan el día 10 de noviembre de 1910, dictándose por dicha corte sentencia a favor del demandante. Se presentó en seguida una moción solicitando un nuevo juicio, que fué desestimada en 15 de marzo de 1911. Mientras tanto, se habían cambiado los jueces de dicho tribunal: el Hon. Pedro de Aldrey que conoció de dicha causa, había sido elevado al Tribunal Supremo, y el Hon. Jorge V. Domínguez le había sucedido en la corte de distrito. La transcripción de los autos fué presentada en esta corte, el día 8 de abril próximo pasado, y en 16 de mayo, se celebró la vista del recurso de apelación.

El abogado de los apelantes señala diez errores que alega haber sido cometidos por el tribunal inferior, y que, según

él, hacen necesaria la revocación de la orden denegando el nuevo juicio. Algunos de estos señalamientos son idénticos a los consignados en la apelación interpuesta contra la sentencia, y han sido considerados debidamente en dicho caso (No. 683), estimándose que carecían de fundamento. Haremos pues caso omiso de los mismos, y limitaremos nuestro examen a los otros tres señalamientos de errores que tratan más particularmente de la moción de nuevo juicio, y la orden del tribunal declarando sin lugar dicha moción.

Copiados literalmente, tal y como constan en los autos, dichos señalamientos dicen lo siguiente:

"1º. La moción de nuevo juicio no debía especificar, como la corte opina en su resolución, los fundamentos en que descansa; bastando que dichos fundamentos se ajusten a los términos señalados en el artículo 221 del Código de Enjuiciamiento Civil.

"2º. Al presentar la moción de nuevo juicio, acompañó esta parte en tiempo oportuno, una exposición del caso, con arreglo a lo dispuesto en el artículo 223 del Código de Enjuiciamiento Civil, como fundamento y base de la impugnación hecha de la sentencia por insuficiencia de la prueba para justificar la sentencia o decisión y por ser ésta contraria a la ley."

"3º. Es erróneo asimismo el fundamento de la resolución apelada, en cuanto establece que una moción de nuevo juicio es la revisión de una cuestión de hecho y no de derecho, como sería este caso, según dice la corte."

Procuraremos considerar y discutir estas cuestiones en el orden en que han sido presentadas por el abogado, en su alegato; y conviene observar aquí mismo, que el distinguido letrado que representa a los apelantes parece haber formado un concepto erróneo de los requisitos de las reglas 42 y 43, de este tribunal. Al exigir una exposición fiel y concisa del caso, no fué nunca la intención de este último que se copiaran en el alegato las alegaciones y pruebas en su totalidad; sino solamente que el abogado hiciera, en sus propias pala-

bras, una relación sucinta de todo lo actuado por el tribunal sentenciador, para dar a la Corte de Apelación, desde el principio, una idea general del caso y de las cuestiones que surgieran en el curso de la investigación. Ya hemos dicho esto antes más de una vez, y lo repetimos ahora, en la esperanza de evitarle al foro en lo sucesivo un trabajo innecesario. Véase la opinión emitida por este tribunal con motivo de la moción solicitando que se suprima el alegato del apelante, en el caso del *Pueblo de la Carolina* v. *Saldaña,* cuya opinión fué emitida en 22 de noviembre de 1910.

En su alegato el apelado hace cuatro objeciones contra la forma en que el presente caso ha sido entablado y presentado ante este tribunal; pero según la regla 62, dichas objeciones se han presentado demasiado tarde para que ahora puedan tomarse en consideración. Así es que solamente el último punto alegado por el apelado, será examinado a su debido tiempo, en esta discusión; y es que la apelación es a todas luces improcedente. Pero examinemos primero el caso, tal como ha sido presentado por el apelante.

En cuanto al primer señalamiento de errores, diremos que en nuestra opinión, la moción de nuevo juicio no solamente debe especificar los motivos en que se funda, sino que dichos motivos deben ajustarse a los términos consignados en el artículo 221 del Código de Enjuiciamiento Civil. Esto quiere decir que el tribunal al que se pida la concesión de un nuevo juicio, debe ser enterado de los motivos que hagan necesaria dicha concesión, para el logro de los fines de la justicia, y dichos motivos deben estar comprendidos entre las seis causas especificadas en la ley. Tal requisito es absolutamente necesario para un procedimiento ordenado, y para impedir que la prática de los tribunales degenere en caos y dependa enteramente de los antojos y caprichos de los tribunales, o de los abogados.

El primer señalamiento de errores, al ser examinado conjuntamente con las explicaciones contenidas en el alegato, demuestra que la moción de nuevo juicio se fundaba en el

motivo de accidente o sorpresa, con arreglo a lo dispuesto en el párrafo 2°. del artículo 221 del Código de Enjuiciamiento Civil. Parece que para el abogado de los apelantes y, por tanto, para las mismas partes, fuera una sorpresa el que la prueba presentada por el apelado con respecto al contrato, no se ajustara a las alegaciones contenidas en la demanda. Esta sorpresa tal como fué, evidentemente resultó de un concepto erróneo formado por el abogado respecto a los términos de las alegaciones. La demanda alega un contrato de empleo, celebrado entre el demandante y los demandados, y al presentar su prueba, el primero alega la existencia de un contrato verbal sin hacer mención de la cláusula que referente a este contrato existe en la escritura social otorgada por los hermanos Pizá al constituirse en sociedad. Mediante la debida atención a las alegaciones de la demanda se hubiera llegado a comprender claramente que el apelado se apoyaba en un contrato celebrado entre él y el socio gestor, el día 15 de octubre de 1902, poco tiempo antes del otorgamiento de la escritura de constitución social; cuyo contrato no ha podido tener referencia a dicho documento, puesto que éste no existía en esa época. Por consiguiente, al celebrarse el juicio, se presentó la prueba que sostenía dicha alegación, cuya prueba era naturalmente la declaración del mismo apelado. Esa declaración era prueba adecuada y en efecto la única fuente de evidencia abierta para el apelado en el acto del juicio, en la ausencia del socio gestor de la mercantil Pizá Hermanos. Pero, con tal que dicha persona hubiera estado presente en el acto del juicio, su adversario no hubiera estado obligado a llamarlo como testigo. Por supuesto, si él hubiera elegido declarar en contradicción a la declaración del apelado, tenía el privilegio de hacerlo.

Pero, el abogado también hace la objeción de que la demanda no alega que era un contrato verbal en que se fundaba la acción, y no la cláusula contenida en la escritura de constitución social, como suponía la referida Sociedad Mercantil. Según se ha alegado, la fecha del contrato demues-

tra que el demandante no se apoyaba en la referida escritura; y la demanda alega un contrato de empleo; y si los demandados deseaban que se expresara si dicho contrato era verbal o por escrito, entonces han debido tomar excepción contra esa alegación, y hubiera podido hacerse una enmienda con arreglo a las disposiciones del artículo 136 del Código de Enjuiciamiento Civil, según se ha indicado por el letrado. Pero ciertamente, que a falta de tales excepciones, la alegación era suficiente, y no podía considerarse en el sentido de que pudiera dar lugar a equivocaciones de parte de persona alguna. En una alegación general referente a un contrato, pueden hacerse declaraciones que demuestren la existencia de un contrato verbal o de un contrato escrito; y si el demandado desea saber más específicamente, en cuál de las dos clases de convenio se apoya el demandante, puede obtener ese informe mediante una moción adecuada, o una excepción especial. La prueba presentada era perfectamente compatible con la demanda, y no era posible que hubiera una causa de sorpresa bien fundada en la resolución de la corte, admitiendo dicha prueba.

Pero si dicha prueba era inadmisible, entonces ha debido hacerse una objeción contra la misma al ser presentada; y si hubiera sido admitida a pesar de tal objeción, entonces pudiera haberse tomado excepción. De este modo el error, si es que hubo alguno, pudiera haberse corregido. Este hubiera sido el debido procedimiento, en vez de confiar en una moción de nuevo juicio. (*Fajardo* v. *Tió*, resuelto por este tribunal en 31 de marzo de 1911, y casos allí citados.)

Segundo. Bajo este llamado señalamiento de errores, no se quejan los apelantes en manera alguna, de ninguna resolución del tribunal sentenciador, ni se señala ningún error verdadero o supuesto, que pudiera someterse a la consideración del tribunal. Se hace una relación de lo que los apelantes hicieron en los procedimientos seguidos por ellos en la corte inferior, cuya relación puede ser o nó cierta, sin afectar en lo más mínimo la procedencia de la orden denegando

el nuevo juicio. Si según alega el abogado de los apelantes, la prueba es insuficiente para justificar la sentencia, entonces los apelantes deben de mostrar en su moción, exposición del caso, o en su alegato, en qué consiste dicha insuficiencia, y no se demuestra nada en este sentido en ninguna parte de los autos. Examinando detenidamente dichas pruebas, encontramos que las mismas son ampliamente suficientes, y no necesitamos entrar en detalles, toda vez que el señalamiento de errores no requiere tal discusión. Según las reglas de este tribunal, no era necesario hacer caso alguno de este párrafo del señalamiento de errores de los apelantes. En apoyo de nuestro parecer con respecto a este punto, conviene hacer referencia a los casos de *The Patent Brick Co.* v. *Moore,* 75 Cal., 205, y *Lowie* v. *Salz,* 75 Cal., 349.

Tercero. El tercer señalamiento de errores establece una distinción entre cuestiones de hecho y cuestiones de derecho, como fundamentos en que basar una moción de nuevo juicio. Es verdad que cuando se ha concedido un nuevo juicio, esto, con arreglo al artículo 220 del Código de Enjuiciamiento Civil, envuelve un nuevo examen de las cuestiones de hecho, en el mismo tribunal ante el cual se haya celebrado el juicio; pero la moción solicitando un nuevo juicio, puede basarse en falta de prueba o error de derecho, por cuya razón resultó errónea la sentencia anterior. Sin embargo, examinando detenidamente el presente caso en todos sus extremos, no encontramos ningún error esencial de derecho ni de hecho, ni de forma ni de fondo, y debemos aprobar la resolución del tribunal sentenciador, denegando el nuevo juicio.

La apelación interpuesta contra dicha resolución, no puede prosperar por clara y hábil que sea la manera o forma en que se han presentado los supuestos errores cometidos por el tribunal al dictar la misma. Se conceden con gran cautela los nuevos juicios que se solicitan con motivo de sorpresa. La parte presentando la moción, debe demostrar claramente que la sorpresa no ha sido en manera alguna el resultado de su propia negligencia; y que en el caso de que se

concediere un nuevo juicio, se puede esperar un resultado distinto. Y la sorpresa debe ser demostrada concluyentemente, mediante una declaración jurada. (*Delmas* v. *Martín,* 39 Cal., 555; *Fajardo* v. *Tió,* resuelto por este tribunal, en 31 de marzo de 1911; *Rogers* v. *Huie,* 1 Cal., 429; *Brooks* v. *Lyon,* 3 Cal., 114.) Si según toda probabilidad, se obtendría el mismo resultado en otro juicio, de haberse corregido los supuestos errores causados por la sorpresa, entonces debe desestimarse la moción solicitando un nuevo juicio.

El método empleado por el distinguido abogado de los apelantes, al presentar este caso al tribunal, ha hecho difícil comprender los puntos que desea establecer; pero hemos procurado seguir su raciocinio con la mayor atención posible, y esperamos haber tenido un éxito razonable. En todo caso, se ha logrado hacer verdadera justicia, mediante la denegación de un nuevo juicio, y no hay motivo alguno para revocar la resolución dictada con respecto a la referida moción.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.