DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[14872. Department One.— March 27, 1893.]

THE WILMINGTON TRANSPORTATION COM-
PANY, RESPONDENT, v. PATRICK O'NEIL, APPEL-
LANT.

CONTRACT — HIRING OF LIGHTER — AGREEMENT TO PAY FOR LOSS — INEVITABLE ACCIDENT — PLEADING — IMMATERIAL DEFENSE. — Where the hirer of a lighter agreed with the owner that if the lighter should be lost or damaged during the term of hiring, to the extent that it could not be put in the same good condition as when received, the hirer would pay a stipulated sum for the lighter, without any provision or stipulation in the agreement as to the manner or cause of the loss, the owner is entitled to recover damages from the hirer for a loss of the lighter, irrespective of the cause of the loss; and where the lighter was lost in a storm during such term, and an action was brought upon the contract by the owner, an answer admitting the loss of the lighter, and alleging that the lighter was not injured, lost, or destroyed by any act, negligence, or default of the defendant, but by the act of God and the elements, and setting forth the particulars of the loss, raises no material issue as to whether the lighter was lost by inevitable accident.

ID. — UNFORESEEN IMPOSSIBILITY OF PERFORMANCE. — Where a party has expressly undertaken without any qualification to do anything not naturally or necessarily impossible under all circumstances and does not do it, he must make compensation in damages, though the performance was rendered impracticable, or even impossible, by some unforeseen cause over which he had no control, but against which he might have provided in his contract.

ID. — STIPULATED VALUE OF LIGHTER — DEFENSE OF LESS VALUE — JUDGMENT UPON PLEADINGS. — In an action upon such contract, an answer alleging that the lighter when delivered to the defendant was of a less value than the stipulated sum agreed to be paid in case of loss, presents a partial defense to the action, and a judgment upon the pleadings for the stipulated sum with interest is erroneous.

ID. — STIPULATED DAMAGES — PENALTY — CONSTRUCTION OF CONTRACT — PLEADING — ACTUAL DAMAGE. — The stipulation in the contract for the hiring of the
XCVIII. CAL. — 1

lighter for the payment of a fixed sum in case of loss or irreparable damage to the lighter, must be construed as a penalty within which the actual damages for the loss or injury might be assessed, and not as fixed liquidated damages; and the plaintiff in suing upon the contract should have alleged and proved the actual damage.

ID. — CONTRACT OF BAILMENT — SALE OF LIGHTER — INDEMNITY. — The agreement for the hiring of the lighter was a contract of bailment, giving the bailee only a special property therein for the fixed term, the general property remaining in the bailor, and it would be absurd to construe the contract as one of sale of the lighter on condition of its loss during the term of bailment; but it must be construed as a contract of bailment, with a stipulation to indemnify the owner against loss of the property for any cause.

ID. — INSURANCE — VALUED POLICY — VALUE OF PROPERTY. — The contract was not one of insurance in the legal or commercial sense of the word for want of the specifications required by section 2587 of the Civil Code, and cannot be deemed a "valued policy" for want of specification of the value of the property insured, as required by section 2596 of the same Code, and the damages to be recovered can only be estimated by proof of the value of the property.

ID. — SUM FIXED AS SECURITY — PENALTY — EXCESSIVE COMPENSATION — INTENTION OF PARTIES. — A sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty; and the application of this rule does not always depend upon the intention of the parties.

ID. — VOID STIPULATION FOR LIQUIDATED DAMAGE — RECOVERY OF ACTUAL DAMAGES. — The stipulation in the contract, that in case the lighter should be lost or damaged to the extent that it could not be put in the same good condition as when received, the hirer should pay a specified sum for the lighter, is a "contract by which the amount of damages to be paid, or other compensation to be made for a breach of the obligation, is determined in anticipation thereof," in the sense of section 1670 of the Civil Code; and such a case not being one in which "it would be impracticable or extremely difficult to fix the actual damage" in the sense of section 1671 of the same Code, the stipulation is void, and the owner is entitled to recover only his actual damage proximately resulting from the loss of the lighter, which must be averred and proved.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion:

*Robarts & Robinson*, and *A. M. Carpenter*, for Appellant:

*John D. Bicknell*, and *D. P. Hatch*, for Respondent.

VAN CLIEF, C. — On November 3, 1890, the respondent-plaintiff (a corporation), as party of the first part, and the appellant-defendant, as party of the second part, executed the following agreement: —

"That the said party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned

to be kept and performed by said party of the second part, does covenant and agree unto the chartering and letting to hire of its coal lighter 'Wilmington,' her anchor and chain, unto the said party of the second part, for the term of one month from the date hereof; said lighter to be exclusively employed during the term of this charter party in transporting rocks from Santa Catalina Island to Wilmington Bay, for use on the government breakwater.  The said party of the second part, in consideration of the foregoing and the use of said lighter 'Wilmington,' does hereby covenant and agree to and with the said party of the first part to pay for the chartering and use of said lighter 'Wilmington,' under the aforesaid conditions, at the rate of fifty dollars ($50) per month, payable in advance, and to return the said lighter 'Wilmington' to said party of the first part, in the same good condition as when received, ordinary wear and tear not excepted, upon twenty hours' notice being given by the said party of the first part, and to deliver said lighter alongside the Southern Pacific Company's wharf at San Pedro; and should said lighter 'Wilmington' be lost or damaged to the extent that it cannot be put in the same good condition as when received, the party of the second part, to pay the party of the first part, the sum of three thousand five hundred dollars ($3,500) for said lighter 'Wilmington.'

"WILMINGTON TRANSPORTATION CO.,
"By its Secretary, W. G. Halstead.
"PATRICK O'NIEL."

The action is based upon the agreement to pay $3,500 in case the lighter should be lost; and it is averred in the complaint that the lighter "Wilmington" was delivered to defendant according to the agreement; "that on or about the twelfth day of November, 1890, said coal lighter 'Wilmington,' while in the use and occupation of the defendant, was lost and damaged to the extent that it cannot be put in the same good condition as when received from plaintiff by defendant, said coal lighter 'Wilmington' being totally lost *and destroyed;* that under and by virtue of the terms and conditions of said agreement the defendant became indebted to the plaintiff in the sum of $3,500, as provided in said agreement, no part of which sum has been paid.

"That the plaintiff demanded payment of the said defendant of the sum of three thousand five hundred dollars, but said defendant at all times and still does refuse and neglect to pay said sum, or any part or portion thereof."

The prayer is for judgment against defendant for the sum of $3,500, "with interest thereon from November 12, 1890 (date of the loss), until paid, with costs of this action."

The complaint contains no averment as to the value of the lighter, nor as to the "twenty hours' notice" mentioned in the agreement.

Defendant demurred to the complaint on the general ground that it does not state facts sufficient to constitute a cause of action.

The demurrer was overruled by the court, and defendant answered.

The answer admits the execution of the agreement, and alleges: "That the lighter was not injured, lost, or destroyed by any act, negligence, or default of the defendant, but by act of God and the elements," and proceeds to state particularly the manner and causes of the loss during a storm. Further alleges that the value of the lighter at the time it was delivered to defendant, or at any time thereafter, did not exceed $1,800. And further alleges that the defendant, at all times, has been and now is willing "to pay to the plaintiff the sum of $2,500, which, he avers, is more than the value of said lighter and the damages sustained by plaintiff."

In this state of the pleadings the plaintiff moved for judgment on the pleadings according to the prayer of the complaint; which motion was granted, the judgment being for $3,717.81, with interest thereon until paid. This includes interest on $3,500 from the date of the loss of the lighter.

The defendant appeals from the judgment and contends: 1. That the answer raised a material issue as to whether the lighter was lost by inevitable accident. 2. That the sum to be paid ($3,500) in case the lighter should be lost or damaged, etc., was not intended to be fixed or liquidated damages, and that such intention does not appear from the agreement properly construed; and 3. That if the sum of $3,500 was intended as liquidated damages, the agreement, to that extent, is made void by sections 1670 and 1671 of the Civil Code.

1. I think the first point cannot be sustained by the authorities. The defendant expressly promised to pay in case the lighter should be lost, without any provision or qualification in the contract as to the manner or cause of such loss. Where a party has expressly undertaken, without any qualification to do anything not naturally or necessarily impossible under all circumstances, and does not do it, he must make compensation in damages, though the performance was rendered impracticable, or even impossible, by some unforeseen cause over which he had no control, but against which he might have provided in his contract. (Wharton on Contracts, secs. 311, 314, and authorities there cited, particularly *School District* v. *Dauchy*, 25 Conn. 530; 68 Am. Dec. 371; *Harmony* v. *Bingham*, 12 N. Y. 99; 62 Am. Dec. 142; *Tompkins* v. *Dudley*, 25 N. Y. 272; 82 Am. Dec. 349.) It is to be observed, however, that the contract here is not merely to return, or to redeliver the lighter to plaintiff, but also to pay $3,500 in case the lighter should be lost; and that there is no pretense that such *payment* has been rendered impossible or impracticable by any cause; so that the alleged *casus* can apply only to the promise to redeliver the lighter, while the action is based solely upon the alleged breach of the promise to pay in case the lighter should be lost.

If I am not mistaken in this view of the nature of the case, the issue as to the *cause* of the loss is wholly immaterial. The possibility of a loss was foreseen and provided for in the agreement, whereby the defendant unqualifiedly obligated himself to pay in the event of a loss from any cause; and the only qualification or limitation of this obligation by the law is that it would not bind the defendant in case the loss had been caused by the culpable negligence or other wrongful act of the plaintiff, of which there is no pretense.

2. Is the agreement susceptible of the construction that the parties intended the $3,500 as a penalty within which the actual damages for the loss or injury might be assessed, and not as fixed liquidated damages? If such is a proper construction of the agreement, the plaintiff should have alleged and proved the actual damage; and the answer of the defendant that the value of the lighter did not exceed $1,800 would have been material as a partial defense to the action.

"The weight of authority," says Mr. Field in his work on Damages, section 136, "seems to support the position that the sum fixed upon will be regarded· as a penalty, or as liquidated damages according to the intention of the parties, and that this intention may be gathered from the whole instrument, the subject-matter of the contract, and extraneous facts and circumstances." (See also Sedgwick on Damages, sec. 396.)

The only circumstance that can be said to indicate that the parties intended the sum of $3,500 as penalty and not as liquidated damages, is that the same sum is required to be paid in case the lighter should "be damaged to the extent that it cannot be put in the same good condition as when received," as in case the lighter should "be lost"; though the damage in the former case might be less than in the latter. The rule in cases of this kind, deduced from the cases cited by Mr. Sedgwick, is stated by him, at section 413, as follows:—

"A sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty."

But upon examination of the cases referred to, it will be seen that this rule has often been applied where it was admitted that the parties *intended* stipulated damages, and not a penalty, so that the application of the rule does not always. depend upon the intention of the parties. Yet, where it is otherwise doubtful whether penalty, or stipulated damages was intended, the circumstances that the sum agreed upon greatly exceeds the actual damage; for a breach of any one of the several stipulations tends, in a greater or less degree, according to the disparity between the stipulated sum and the actual damage, to prove that such sum was intended as a penalty and not as stipulated damages. In this case it is not clear what extent of damage to the lighter was meant by the language used, viz., "damaged to the extent that it cannot be put in the same good condition as when received"; and, therefore, the difference between the actual damage meant, and the stipulated compensation therefor, cannot be determined. It seems to me that the damaged condition of the lighter, intended to be expressed or

described by the language employed, was nearly equivalent to a total loss. I therefore think the sum of $3,500 was not intended as a penalty, but was intended as stipulated damages, unless the agreement may be construed to be a sale of the lighter on the condition that it should be lost, which seems absurd. The agreement is certainly a contract of bailment, giving the bailee only a special property in the lighter during the agreed term of the bailment, the general property remaining in the bailor. In the case of *Westcott* v. *Thompson*, 18 N. Y. 363, the facts were, that a brewer sold sixty-seven barrels of ale to a retailer, upon an agreement that the barrels should be returned after the ale should be drawn from them; but if any were not returned the retailer should pay $2 a piece for them. *Held*, that the property in the barrels remained in the brewer, and that the agreement to pay $2 a piece for them if not returned was intended to fix the damages for the loss of such as the retailer should be unable to return. If the property in the lighter remained in the plaintiff until it "was lost and destroyed," how could it pass to the defendant after the lighter was totally lost—sunk to the bottom of the ocean, or totally consumed by fire? If it could pass under such circumstances, I think the agreement fails to express an intention to that effect. Reading the whole instrument together, it appears to be a contract of bailment, with a stipulation on the part of the bailee to indemnify the bailor against loss of the property from any cause; and, though the stipulation to indemnify in case of loss partakes of the nature of insurance, it is not a contract of insurance in the legal or commercial sense of the word, even conceding that the defendant was authorized by the insurance commissioner to transact insurance business, as required by section 596 of the Political Code. It does not specify the rate of premium, nor the risk or peril insured against, nor the period during which the insurance is to continue, as required by section 2587 of the Civil Code; but, conceding it to be a policy of insurance, it cannot be deemed a "valued policy," since it does not state the value of the property insured (Civil Code, sec. 2596), and therefore the damages to be recovered can only be estimated by proof of the value of the property. It is not claimed, however, by counsel for respondent, that the

agreement contains either a contract of sale or a contract of insurance.

3. Having determined that the stipulation for the payment of $3,500 is a "contract by which the amount of damage to be paid," or "compensation to be made" for the loss of, or injury to the property bailed, was determined in anticipation of such damage, in the sense of section 1670 of the Civil Code, it only remains to be considered whether or not, "from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage," in the sense of section 1671 of the same code. These sections are at follows: —

"Sec. 1670. Every contract by which the amount of damage to be paid or other compensation to be made for a breach of an obligation is determined in anticipation thereof is to that extent void, except as expressly provided in the next section.

"Sec. 1671. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Section 1671 has been construed by this court in several cases.

In *Eva* v. *McMahon,* 77 Cal. 467, it was held that it is not impracticable nor extremely difficult to fix the actual damage sustained by the breach of a contract to deliver the possession of land; and if no actual damage is sustained none can be recovered, though a stated amount was stipulated for in the contract.

In *Patent Brick Co.* v. *Moore,* 75 Cal. 205, it was held that a stipulation in a building contract, by which the contractor agreed to pay the owner a certain sum as liquidated damages for each day's delay in finishing the building after the time appointed in the contract, was within the rule of section 1670, and not within the exception stated in section 1671, and therefore void.

In *Pacific Factor Co.* v. *Adler,* 90 Cal. 110, there was a contract between plaintiff and defendant, whereby the defendant agreed to deliver to plaintiff, on demand between certain dates, 187,500 grain bags, to be sold by plaintiff on commission of one per cent, and not to sell said bags to any other person than plaint-

iff; and further agreed to pay plaintiff three cents for each of said number of bags which he should refuse or neglect to deliver ·to plaintiff *as liquidated damages.* The action was to recover such liquidated damages. A breach of the contract by non-delivery of the bags being admitted by the answer, the plaintiff rested its case without other evidence of damage than the agreement to pay three cents per bag as stipulated damages. *Held,* that a nonsuit was properly granted on the ground that the agreement for stipulated damages was void under sections 1670 and 1671 of the Civil Code. *Held,* further, that an averment in the complaint, that "it was understood and agreed between the plaintiff and defendant, at the time of making the contract, that owing to the nature of the case it would be impracticable and extremely difficult to fix the actual damage," was immaterial and required no answer.

I think "the nature of the case" at bar cannot be distinguished from that of the cases above cited; and that the plaintiff is entitled to recover only his actual damages proximately resulting from the loss of its lighter, which should have been alleged, and if denied, proved, since the contract fixing the damages at $3,500 is void.

I therefore conclude that the judgment should be reversed and the cause remanded for a new trial, with leave to the parties to amend their pleadings if so advised.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for a new trial, with leave to the parties to amend their pleadings if so advised.

GAROUTTE, J., PATERSON, J., HARRISON, J.