[Civ. No. 1076. First Appellate District.—October 30, 1912.]

## GEORGE GEORGEOUS, Respondent, v. M. LEWIS and W. S. QUINLAN, Appellants.

LANDLORD AND TENANT—EVICTION OF SUBTENANT BY OVER-LANDLORD.— A subtenant is not entitled to recover damages for his eviction by the over-landlord, prior to the expiration of the sublease, where the terms of the original lease has expired, and the sublease expressly provides that it is "to hold only to the conditions of original lease."

LEASE—IMPLIED COVENANT OF QUIET ENJOYMENT.—Every lease in the usual form, carries with it an implied covenant that the lessee will not be disturbed in his enjoyment during the term by the lessor, in the absence of a stipulation in the lease to the contrary; and, even then, such implied covenant of quiet enjoyment, ends with the determination of the original estate of the lessee.

ID.—EXECUTION OF SUBLEASE—NOTICE OF TERMS OF ORIGINAL LEASE.— It is the duty of a person contracting for a sublease to ascertain the provisions of the original lease; and a subtenant is charged with notice of the existence of the original lease, and is bound by its terms and conditions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Wm. H. Chapman, for Appellants.

Edward R. Eliassen, for Respondent.

LENNON, P. J.—In this action the plaintiff secured a judgment for damages against the defendants in the sum of two hundred and ten dollars for the alleged breach of an implied covenant of quiet possession, which it is claimed was contained in a sublease from defendants to plaintiff of a portion of certain premises occupied by the defendants in the conduct of a saloon business, under a lease from the owners of the building.

The defendants have appealed from the judgment alone, and the case comes here upon the judgment-roll and a duly authenticated transcript of the record of the proceedings and all of the evidence had upon the trial in the lower court, as provided in section 953a of the Code of Civil Procedure.

The essential facts of the case upon which the judgment is based are shown by the findings of the lower court and the record of the evidence adduced at the trial to be as follows:

The original lease of the entire premises from the owner of the building to the defendants was dated the twentieth day of July, 1909, and granted the use and occupation of the premises to the defendants "for a period of nine months from the 15th day of July, 1909, or for so much of that time as the buildings are not removed by order of any municipal authority of the city and county of San Francisco, or in compliance with the requirements of any municipal authority of the city and county of San Francisco."

On the twentieth day of July, 1909, the date of the original lease, the defendants, by a lease expressed in writing, sublet to Michael Pappas and William Pasros for use as a bootblack stand a space five feet in width by twelve feet in depth, situate in the front of the premises, from the said "20th day of July, 1909, to the 20th day of July, 1910, at the annual rental

of $900 payable monthly in advance in equal payments of
$75.'' This sublease was in the ordinary form; and in addi-
tion to the usual covenants and agreements of such instru-
ments stipulated that it was ''to hold only to the conditions
of original lease.''

On February 24, 1910, the plaintiff, for a valuable consider-
ation and with the consent of the defendants, became the as-
signee of the sublease, and was in the occupation of the space
leased thereunder on June 20, 1910, at which time the build-
ing was torn down and both the plaintiff and defendants
evicted and deprived of possession by the over-landlord.

On June 14, 1910, some thirteen months after the term ex-
pressed in the original lease had expired, the month to month
tenancy, under which the defendants were then holding, was
terminated by due notice to that effect from the owner of the
building; and when the work of the destruction of the build-
ing was commenced plaintiff's fixtures and furniture were
summarily and forcibly removed from the premises.

It is an undisputed fact in the case that neither of the de-
fendants was instrumental, directly or indirectly, in the
destruction of the building, and that the eviction of the plain-
tiff was caused solely by the independent act of the defend-
ants' landlord.

It will be noted that the life of the defendants' tenancy
under the original lease was by the very terms of that instru-
ment limited to April 15, 1910, and might have been sooner
terminated by an order from the municipal authorities to
destroy the demised premises. Notwithstanding this the de-
fendants granted on the twentieth day of July, 1909, and the
plaintiff acquired by assignment, the sublease in question for
a period of time which on its face extended three months be-
yond the term granted to the defendants by the original lease.

Out of this situation but one question arises, and that is,
Were the defendants, as the immediate lessors of the plain-
tiff, liable as a matter of law for the admitted damage result-
ing to plaintiff from his eviction solely at the hands of the
over-landlord, merely because they, the defendants, had un-
dertaken to give a sublease to the plaintiff for the full period
of a year rather than for the unexpired nine months of the
term granted by the original lease?

The judgment of the lower court evidently was founded upon the theory that, notwithstanding the defendants' limited and contingent tenure under the original lease, the relation of landlord and tenant existed between the defendants and plaintiff for the full period of time granted in the sublease; and that this relation, with all of its attendant rights and liabilities, could not be avoided nor in any wise abridged by the fact that the defendants' tenure under the original lease had expired on April 15, 1910, and was from that date by operation of law transformed into a tenancy from month to month, under which the defendants occupied and used the building until the date of its destruction.

This theory, when viewed in the light of the express covenants and conditions of the original lease and sublease, cannot be sustained.

It may be conceded generally that every lease in the usual and ordinary form carries with it an implied covenant that the lessee will not be disturbed in his possession during the term by the lessor nor any other person having the paramount title. This is so, however, only in the absence of a stipulation in the lease to the contrary; and even then this implied covenant of quiet enjoyment ends with the determination of the original estate of the lessee. (Rawle on Covenant for Title, sec. 275; *McClowry* v. *Croghan*, 1 Grant (Pa.), 307; *Brookhaven* v. *Baggett*, 61 Miss. 383; *Maxwell* v. *Urban*, 22 Tex. Civ. App. 565, [55 S. W. 1124]; *Mershon* v. *Williams*, 63 N. J. L. 398, [44 Atl. 211].)

But however that may be, the plaintiff in the present case took the sublease in question subject to the terms and conditions of the original lease, and therefore the respective rights and liabilities of the parties must be ascertained from a consideration of their agreement and understanding as contained in the expressed covenants and condition of the original and sublease.

It is the duty of a person contracting for a sublease to ascertain the provisions of the original lease; and a subtenant is charged with notice of the existence of the original lease, and is bound by its terms and conditions. (1 Woods on Landlord and Tenant, sec. 93, p. 184; Jones on Landlord and Tenant, sec. 455; *Blachford* v. *Frenzer*, 44 Neb. 829, [62 N. W. 1101]; *Dunn* v. *Barton*, 16 Fla. 765.)

But even if this were not so, the clause contained in the sublease under consideration that it was "to hold only to the conditions of the original lease" was actual notice to the plaintiff of the existence of the original lease; and knowing of its existence he was charged with knowledge of its covenants, conditions, and limitations which, by reference, were made a material part of the terms and conditions of the sublease. (*Coalinga etc. Co.* v. *Associated Oil Co.*, 16 Cal. App. 361, [116 Pac. 1107]; *Brock* v. *Desmond & Co.*, 154 Ala. 634, [129 Am. St. Rep. 71, 45 South. 665].)

The expressed covenants of the original and sublease are obviously opposed to the existence of an implied covenant which was to endure beyond the term granted to the defendants by the original lease.

In short, the sublease expressed the complete understanding and agreement of the parties only when read and construed in conjunction with the original lease; and when so read and construed it is apparent that it was the agreement and understanding of the parties that the term granted by the sublease was not for one year absolutely, but only for that time in the event that the tenancy of the defendants under the original lease was not sooner terminated. (*Illinois Starch Co.* v. *Ottawa etc. Co.*, 125 Ill. 237, [17 N. E. 486].)

It follows from what has been said that the evidence adduced at the trial does not support the trial court's findings of fact, and that the plaintiff was not entitled as a matter of law to recover for the breach of an implied covenant of quiet enjoyment.

The judgment appealed from is reversed.

Kerrigan, J., and Hall, J., concurred.