[L. A. No. 3941. In Bank.—February 8, 1918.]

# MAX BARANOV, Respondent, v. HEWLETT SCUDDER, Appellant.

LEASE—DESCRIPTION OF PROPERTY.—It is no objection to a lease of real property that the property is not described by reference to a map or in any other manner usually employed in legal descriptions of realty, and the description, "My room No. 936 Fifth Street," in an instrument intended by the parties as a lease is a sufficient description, where the evidence shows that the parties knew where the room was located, and acted at all times upon the theory that the document properly located and described it.

ID.—FORM OF INSTRUMENT—SUFFICIENCY.—No particular or set language such as "let" or "demise" or the usual words of hiring is necessary to constitute a given writing a lease, but any words sufficient to explain the intent of the parties that one shall divest himself of the possession, and the other come into it for a determinate time, whether they run in the form of a license, covenant, or agreement, will in construction of law amount to a lease.

ID.—SUBLEASE—COVENANT FOR QUIET ENJOYMENT—ACTION BY SUBLESSEE AGAINST SUBLESSOR FOR EVICTION BY OVERLANDLORD.—In an action by a sublessee against the sublessor for damages for breach of covenant for quiet enjoyment sustained by the sublessee through eviction by the overlandlord, for breach of a covenant in the original lease against subletting, where neither party offered in evidence, either the record of the proceedings brought by the overlandlord enforcing the forfeiture, or the lease containing the covenant, but evidence was introduced of a notice served by the overlandlord on the sublessor reciting that the lease contained a covenant against subletting, and declaring the election of the sublessor to enforce the forfeiture and terminate the lease, such evidence, uncontradicted, was conclusive as to the fact that the overlease contained a covenant against subletting.

ID.—NOTICE OF TERMS OF OVERLEASE.—A lessee with knowledge that his lessor is only a lessee of an overlandlord is charged with knowledge of the contents of the overlease.

ID.—IMPLIED COVENANT FOR QUIET ENJOYMENT—BREACH BY EVICTION BY OVERLANDLORD—KNOWLEDGE BY SUBLESSEE OF SUBLESSOR'S COVENANT AGAINST SUBLETTING.—Under section 1927 of the Civil Code providing that an agreement to let upon hire binds the letter to secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all persons lawfully claiming against the same, a sublease implies a covenant of quiet enjoyment on the part of the sublessor in favor of the sublessee, against forfeiture by the

overlandlord for violation by the sublessor of a covenant in the over-lease against subletting, although the sublessee knew of the prohibitive covenant, since the sublessee had the right to assume that the sublessor would procure, if he had not already procured, the overlessor's consent to the sublease.

STATUTES—COMMON LAW—CONSTRUCTION OF CODE SECTION AS CONTINUATION OF COMMON LAW.—Section 1927 of the Civil Code implying a covenant for quiet enjoyment of a thing hired during the period of the hiring, is not subject to the common-law exception that such a covenant not expressed in the lease, but merely implied by law, does not endure longer than the estate of the lessor, notwithstanding the declaration in section 5 that the provisions of that code "so far as they are substantially the same as existing statutes or the common law, must be construed as continuations thereof, and not as new enactments," since section 1927 is not "substantially the same" as the common-law rule, but instead of providing for the common-law exception referred to, expressly provides that the obligation to secure quiet enjoyment continues during the entire period of the hiring, the section being apparently borrowed from the civil law, and not having been intended as a re-enactment of the common law.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a motion for a new trial.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

E. H. Lamme, for Appellant.

Morris Binnard, and W. P. Cary, for Respondent.

SHAW, J.—This cause comes before us on rehearing after decision by the district court of appeal.   After further consideration of the cause, we approve the opinion of that court prepared by Mr. Justice Works.   It is as follows:

"This is an appeal from the judgment and from an order denying appellant's motion for a new trial.

"On September 11, 1912, appellant executed to respondent a sublease of a storeroom held by the former under a lease from the Western Union Telegraph Company.   Respondent remained in possession of the property until he was evicted through process of law, in August or September, 1913, in an action brought by the Telegraph Company for the purpose of ousting him.   The present action was commenced to procure a judgment against the appellant for the damages suf-

ferred by respondent because of the eviction, on the theory that a covenant for quiet enjoyment was incident to the sublease. The case was tried by jury, and the respondent recovered judgment.

"Appellant claims that the writing which we have termed a sublease is not one. The instrument is as follows:

"'This indenture shows that Mr. Max Baranov has my room No. 936 Fifth St., for two years from this date for $150. per month in advance with one exception and that is, that in case of fire where I am, now located, that he gives me possession in 30 days. At the expiration of two years, I have option of two years longer at same proportionate length as the Western Union will have to pay and same rate will be extended to Mr. Baranov.'

"While the paper is not formal in character, it is legally sufficient as a lease for a term of two years. It is no objection that the property was not described by reference to a map, or in any other manner usually employed in legal descriptions of realty. The evidence shows that the parties knew where the room was located and at all times acted upon the theory that the document properly located and described it.

"The point is urged that the paper is lacking in the usual words of hiring of real property, such as 'let' or 'demise.' But it is not necessary to use these words, nor any particular or set language to constitute a given writing a lease. The supreme court has adopted the following language of a text-book on this subject: 'Whatever words are sufficient to explain the intent of the parties, that one shall divest himself of the possession, and the other come into it, for such a determinate time, such words, whether they run in the form of a license, covenant, or agreement, are of themselves sufficient, and will, in construction of law, amount to a lease. (*Williams* v. *Miller,* 68 Cal. 290, 292, [9 Pac. 166]. See, also, *Dodd* v. *Pasch,* 5 Cal. App. 686, [91 Pac. 166]; *Morris* v. *Iden,* 23 Cal. App. 388, [138 Pac. 120].)

"Appellant's next claim is that no covenant for quiet enjoyment went with the sublease and that the evidence did not justify the finding, necessarily merged in the verdict, that it did. The evidence plainly shows, without dispute, that respondent knew, at the time he took the sublease from appellant, that the latter was but a tenant of the Western

Union Telegraph Company and that the lease between appellant and respondent was but a sublease. The lease from the Telegraph Company was in writing. The answer alleges, by way of affirmative defense, that in the instrument 'it was provided that said premises described in plaintiff's second amended complaint should not be sublet or the lease assigned except by the written consent of the said Western Union Telegraph Company and the existence of said lease and the contents thereof was as fully known to the said plaintiff as to this defendant.'

"The respondent offered in evidence in the trial court no part of the record or proceedings in the action brought by the Telegraph Company, probably because of the admissions of the answer; but he did offer two notices served by the company upon appellant before the commencement of the action, each of which, as the testimony of both parties shows, Scudder delivered to Baranov immediately after its service. The first of these contains the assertion, 'We are informed that in violation of our lease to you of the premises No. 955 Fifth St., San Diego, Cal., you have sublet to one Max Baranov. Under the terms of said lease, we are entitled to declare a forfeiture thereto, which we hereby do.'

"The second notice was served a short time later, doubtless because the first designated the property by a street number different from that of the premises actually occupied by Baranov, and was as follows:

" 'Under the terms of the lease of this Company to you dated Oct. 16th, 1911, you expressly covenanted not to assign, let or underlet any portion of the demised premises. Because of your violation of this covenant by subletting to Max Baranov, you are hereby advised that the Western Union Telegraph Company elects to terminate said lease and you are hereby notified to vacate said premises on or before the first day of July, 1913, and in case of your failure so to vacate, the necessary steps will be taken to evict you.'

"Neither of the parties offered the lease in evidence, but these notices show that it contained a covenant not to sublet and that a forfeiture might be declared if a subletting was attempted. The evidence was uncontradicted and therefore conclusive. As respondent knew that Scudder, his sublessor, was but a lessee of the Telegraph Company, he also knew the contents of the lease. (*Peer* v. *Wadsworth,* 67 N. J. Eq. 191,

[58 Atl. 379] ; *Missouri, K. & T. Ry. Co.* v. *Keahy,* 37 Tex. Civ. App. 330, [83 S. W. 1102] ; *Gorgeous* v. *Lewis,* 20 Cal. App. 255, [128 Pac. 768].) Notwithstanding this knowledge, the respondent elected to take the sublease. Under the circumstances surrounding the execution of the sublease, was it accompanied by a covenant for quiet enjoyment, for the breach of which the appellant may be required to respond in damages? This question is to be solved upon the fact, which we will assume for the appellant, that the action brought by the Telegraph Company was grounded upon the matter of the subletting to Baranov as a breach of the covenant not to sublet. The pleadings in this case are silent upon the question as to what the basis of that action was. The complaint fails to state a cause of action, because of the omission, but the defect is cured by the manner in which the answer joins issue with the conclusions of law stated in the complaint. Nevertheless, the action was tried upon the theory that the subletting was at the bottom of the litigation. and the two notices from the company show that the action was threatened on that account.

"The respondent claims that a covenant for quiet enjoyment was secured to him by the language of section 1927 of the Civil Code, which provides that 'An agreement to let upon hire binds the letter to secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all persons lawfully claiming the same.'

"The opinion in *Georgeous* v. *Lewis, supra,* contains language, in addition to the point to which it is cited above, to the effect that a subtenant is bound by the terms and conditions of the overlease; that, accordingly, the term of the sublease in question there was measured by the term of the overlease, although the sublease on its face demised the property for a longer period; and that the covenant for quiet enjoyment which accompanied the sublease was ended with the conclusion of the term limited in the overlease. It is to be noted that *Georgeous* v. *Lewis,* was exactly like this case in that it was an action by the sublessee against the sublessor for damages for an eviction by the overlandlord. Section 1927 is not cited, nor mentioned in the opinion, and respondent asserts that the case, in so far as it bears upon the question now presented to us, is *dictum;* and such it appears to be, for there the sublease contained the express

provision that it was 'to hold only to the conditions of the original lease.' The case is not, therefore, authority upon the point now under review.

"We turn to a consideration of the language of section 1927. Its letter seems plainly to cover the case presented here. If its spirit does not, it can only be for the reason that Baranov knew, as well as did Scudder, of the prohibition in the lease of the right to sublet. But that circumstance does not seem to afford an escape from the effect of the section. It is well settled that one may agree, *in future,* to convey property to which he has no title, and the other party to the pact, knowing of the lack, may expect that the day fixed for performance will bring to him that title. Is it not as logical to say that Baranov had the right to assume that Scudder would procure, if not, in fact, that he had already procured, the Telegraph Company's consent to the sublease? Again, according to *Wilmington Trans. Co.* v. *O'Neil,* 98 Cal. 1, 5, [32 Pac. 705], 'Where a party has expressly undertaken, without any qualification to do anything not naturally or necessarily impossible under all circumstances, and does not do it, he must make compensation in damages, though the performance was rendered impracticable, or even impossible, by some unforeseen cause over which he had no control, but against which he might have provided in his contract.' (See, also, *Carlson* v. *Sheehan,* 157 Cal. 692, [109 Pac. 29] ; *Mineral Park Land Co.* v. *Howard,* 172 Cal. 289, [L. R. A. 1916F, 1, 156 Pac. 458].) The reason of this rule applies as well to a foreseen possible cause over which the party might exercise control. Scudder could have readily protected himself against the effects of an eviction such as later resulted to Baranov, by a clause in the sublease, but omitted to do so.

"The doctrine of *Georgeous* v. *Lewis,* followed to its legitimate conclusion, amounts to this : That no sublessee, knowing that he is a sublessee, is protected under section 1927 against a breach of any condition in the overlease, that is, if no act of omission or commission on the part of the sublessor occasions the breach. But such a rule meets with dissent in many cases. (*Geer* v. *Boston Little Circle Zinc Co.,* 126 Mo. App. 173, [103 S. W. 151], and cases cited; *Griesheimer* v. *Bothman,* 105 Ill. App. 585.) The latter case is a counterpart of the present one, except that there the covenant for

quiet enjoyment was expressed in the sublease instead of being secured by statute.

"While, as we have above indicated, a sublessee takes notice of the provisions of the overlease, it does not follow that such notice concludes his rights under his contract with his immediate lessor. He cannot, for instance, hold against the overlandlord for a term longer than that limited in the overlease. There may be other respects in which his knowledge might affect his relations with the overlandlord, or, perhaps, even with his immediate landlord; but that is far from saying that such knowledge deprives him of his right to damages against his lessor for an eviction at the hands of the landlord superior to them both, under some provision of the overlease.

"We are of the opinion that plaintiff is within the provisions of section 1927 of the Civil Code."

The rehearing from that court was granted in order that we might give further consideration to the question of the meaning and effect of section 1927 of the Civil Code. The appellant contends that its construction is governed by section 5 of the Civil Code, which provides that "the provisions of this code, so far as they are substantially the same as existing statutes or the common law, must be construed as continuations thereof, and not as new enactments." In support of this theory he presents additional authorities to the effect that at common law a covenant for quiet enjoyment, which was not expressed in the lease but was merely implied by law, did not endure longer than during the continuance of the estate of the lessor, or, as applied to this case, that the covenant for quiet enjoyment implied from the lease by Scudder to Baranov, did not bind Scudder to secure the quiet possession to Baranov after the term of Scudder in the premises had terminated. The argument is that section 1927 of the Civil Code must be construed as a continuation of the common law, and therefore that it must be subject to this exception, as was the rule at common law. The trouble with this theory is that section 5, aforesaid, destroys it. The code provisions are continuations of the common law only "so far as they are substantially the same." Section 1927 on this point is not substantially the same as the common-law rule. Instead of providing for an exception in case the lessor's estate does not endure for the entire period

of the sublease, that section provides that the obligation of the letter to secure the quiet possession of the thing hired continues during the entire term of the hiring. The section declares the terms of the implied covenant which it creates from the acts of the parties. The obligation of the sublessor is not thereby limited by the duration of his own term or right of possession. The exception prevailing at common law is excluded. The section is, therefore, opposed to the common law and is not governed by the rule of construction of section 5. The notes of the commissioners who prepared the Civil Code indicate that the section .was not intended to be a re-enactment of the common law, but that it was borrowed from the civil law. This may explain the reason why nothing is said in the section which would allow an exception in case the sublessor's term ended before the expiration of the sublease.

One of the evils of the code system is that the law as thus enacted is seldom as elastic as was the common law, which it was in the main intended to declare. It would probably be more conducive to justice, upon the whole, if the exception here involved had been incorporated into the code provision, but as this was not done and the legislature has spoken on the subject, the courts cannot do otherwise than to follow its mandates without regard to the justice or injustice of the results.

The judgment and order are affirmed.

Victor E. Shaw, J., *pro tem.*, Sloss, J., Wilbur, J., and Melvin, J., concurred.