[Civ. No. 9420. First Appellate District, Division Two.—September 17, 1934.]

M. FRIEDMAN & CO., LTD. (a Corporation), Respondent, v. STERLING FURNITURE COMPANY (a Corporation), Appellant.

Pillsbury, Madison & Sutro, Chas. A. Ruggles and Leland B. Groezinger for Appellant.

Byrne, Lamson & Jordan for Respondent.

STURTEVANT, J.—In an action brought to recover moneys alleged to be due under the terms of a written instrument, the trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

The defendant makes several points, the substance of each one being that under the facts it is not liable in any sum whatever. That claim is based on the following story: For many years M. Friedman & Co. conducted a retail furniture business at 259–273 Post Street in San Francisco. The building was leased from Hobart Estate Company. The lease was dated April 10, 1921, and provided a term of twelve years expiring April 9, 1933. It contained no limitation as to the business to be conducted by the lessee. It contained a provision limiting the right to assign without the lessor's consent, but it did not contain a provision against subletting. In the early part of 1929 M. Friedman & Co. decided to retire. After some negotiations, on April 3, 1929, it entered into a contract with the Sterling Furniture Company under the terms of which M. Friedman & Co., as the seller, agreed to sell its merchandise then on hand, and the Sterling Furniture Company agreed to buy the same, under the terms provided in a written contract executed by the parties on that date. The buyer did not buy the lease. At the time the contract of purchase was entered into the lease had four years to run and the rental reserved for those years was specified at $2,721.59 per month. Among other provisions contained in the contract between the seller and the buyer was the following:

"*Refund of Rental.* In the event that the Seller shall not succeed in re-letting or re-leasing the Post street premises, nor in securing the consent of the owner thereof to a cancellation and surrender of its existing lease on said premises, prior to September 1st, 1929, the Buyer further agrees to refund to the Seller one-half of the net rental paid by the

Seller for said premises each month for the period commencing September 1st, 1929, and ending January 1st, 1930, not exceeding in all, however, the sum of Six Thousand ($6,000) Dollars.''

Without consulting the defendant, and without first obtaining any authority from it so to do, on the eleventh day of July, 1929, M. Friedman & Co. entered into a written contract with the Hobart Estate Company under the terms of which M. Friedman & Co. surrendered to the owner the premises and every part thereof, and the owner undertook to entirely reconstruct the interior of the building for the use of ''Ransohoffs'' and at the same time the owner entered into a lease with ''Ransohoffs'' under the terms of which the new lessee would take possession January 1, 1930, and would commence paying rent on February 15, 1930. In said agreement a provision was inserted that the lease dated April 10, 1921, should terminate February 15, 1930, and that the sums accruing under the lease dated April 10, 1921, should be paid as stated in said lease down to February 15, 1930.

The plaintiff alleged and the trial court found that the plaintiff paid '' . . . between September 1, 1929, and January 1, 1930, to Hobart Estate Company the sum of Ten thousand eight hundred eighty-six and 36/100 Dollars ($10,886.36.) ''. It is the theory of the plaintiff that this defendant is liable to the plaintiff for one-half of that sum.

In the ''Refund of Rental'' covenant there was the clear condition that this defendant would pay if the plaintiff did not succeed in unloading the burdens of its lease. There was the clear, implied agreement that the plaintiff would endeavor to unload. Moreover, by the express terms of the covenant the plaintiff took from April 3, 1929, the date of the purchase, until September 1, 1929, within which to make its endeavors to unload the lease. Furthermore, at the time the contract to buy and sell was executed both parties thereto undertook and orally agreed to make strenuous efforts to re-let the Post Street premises. Thereafter this defendant duly engaged the services of several realtors in that behalf. There is something in the record to the effect that Hobart Estate Company claimed the right to designate to whom and when the premises should be re-let. That subject is clearly a false issue. In the lease from Hobart Estate Company

to M. Friedman & Co. there was no covenant limiting the right to sublet. The covenant against assignments did not support the claim of Hobart Estate Company. (*Chapman v. Great Western Gypsum Co.*, 216 Cal. 420, 426 [14 Pac. (2d) 758, 85 A. L. R. 917].) In the absence of a covenant on the subject of re-letting, and in the absence of a statute on the subject, M. Friedman & Co. had the right to re-let. (35 C. J. 975.) ■ In its complaint the plaintiff did not allege performance on its part and there is no finding on the subject. However, the covenant on the subject "Refund of Rental," quoted above, clearly implies that M. Friedman & Co. would, in good faith, between April 3, 1929, and September 1, 1929, and during all that time—not during a part only of that time—attempt to re-let the premises. There is neither proof nor finding that it did so. On the other hand, there is the undisputed fact that on July 11, 1929, it put it out of its power thereafter to re-let to anyone or at all. It follows that it may not base any claim on the conditional contract which it has wholly put it out of its power to perform. (*Carter v. Rhodes*, 135 Cal. 46, 48 [66 Pac. 985]; 13 C. J. 650.)

Whether after the agreement of July 11, 1929, between the plaintiff and Hobart Estate Company was executed the plaintiff remained a lessee and moneys paid by the plaintiff were "rental", we need not discuss. (But see *Baranov v. Scudder*, 177 Cal. 458, 460 [170 Pac. 1122].) It is not necessary to determine whether the said instrument dated July 11, 1929, constituted a cancellation of the lease to M. Friedman & Co. nor whether the premises were on the same date re-let. Nor is it necessary to determine whether said instrument purported to operate, without defendant's consent, to change a contract of indemnity. It is sufficient to hold that by its terms the plaintiff put it out of its power to perform and therefore may not demand performance by the defendant.

■ The plaintiff pleaded the "Refund of Rental" covenant *in haec verba*. In the same paragraph it pleaded it according to its legal effect, but in doing so placed a false construction on its terms. That paragraph of the complaint was not denied. The plaintiff now claims its construction so put on the instrument must control. That is not the rule. On the contrary, the construction of the party will be treated

as surplusage. (*Love* v. *Sierra Nevada Lake Water & Min. Co.*, 32 Cal. 639, 649 [91 Am. Dec. 602].)

The judgment is reversed and the trial court is directed to enter judgment for the defendant on the findings as they stand.

Nourse, P. J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 15, 1934.