[L. A. No. 13756. In Bank.—March 17, 1936.]

M. S. CONSTANTIAN et al., Copartners, etc., Respondents, v. MERCEDES–BENZ COMPANY (a Corporation), Appellant.

Stick & Moerdyke for Appellant.

C. H. Hartke and John Y. Pashgian for Respondents.

THE COURT.—This appeal is taken by the defendant from a judgment for the value of property rented to it by the plaintiffs and destroyed by fire admittedly without fault or negligence upon the part of the defendant.

The trial court found that plaintiffs, doing business under the name of Constantian Bros., rented to the defendant corporation on or about January 10, 1929, for 60 days, one oriental carpet, settee, table and statue, to be used in its display room only; that defendant assumed the risk and agreed to be responsible for any loss or· damage to such personal property or any part thereof while in its possession and to pay a rental of $150; that without the knowledge or permission of plaintiffs, defendant moved the rented property to its exhibit in the automobile show on March 1, 1929; that, on or about March 2d, the defendant rented from the plaintiffs three other oriental rugs for use in its exhibit, agreeing to pay an additional rental of $37 therefor, and assumed the risk and agreed to become responsible for any loss or damage while in its possession; that, without fault or negligence on the part of the defendant, the property was wholly destroyed by fire; that the value of the property was $2,675; that there was paid as rental the sum of $75, leaving a balance due of $112. Judgment was rendered for $112, unpaid rental, and $2,675, value of the property destroyed, with interest on the total ($2,878) from March 11, 1929, until paid.

No question is raised on this appeal as to the amount of rent found due and unpaid or the value of the lost property

as found by the court. Appellant's contention is that as bailee for hire it is not liable for the value of the goods destroyed during the bailment without its fault or negligence, that it did not by the contract of hiring assume a larger responsibility and that the finding that it agreed to be responsible for any loss or damage to the goods while in its possession is unsupported by the evidence.

The property was rented on three different occasions, the transactions being represented by three sets of duplicate delivery sheets, exhibits 1, 3 and 5 being the white originals, and exhibits 2, 4 and 6 the yellow duplicates. These sheets bore at the top the name and address of Constantian Bros. and a serial number. On each was filled in the name of Mercedes-Benz Company, the date, the term of the hiring, the number, description and value of the articles and the rental. At the bottom of the sheet appeared the printed condition "renters responsible for loss or damage of goods while in their possession". Exhibits 1 and 2 bear the signature "Mercedes Benz Co. by Zier", and cover one rug, the settee, table and statue. Zier was a salesman in the employ of the defendant. The date of this transaction is January 10, 1929, and the term is therein stated to be 60 days. With regard to these articles the court found, and its finding is supported by the testimony of Arzivian, manager of the plaintiffs' rental department, that they were to be used in plaintiffs' show room only and were not to be taken to the automobile show. This testimony of Arzivian is flatly contradicted by Smith, defendant's manager, but, the trial court having resolved the conflict in favor of the plaintiffs, the finding cannot be disturbed upon appeal. With respect to these articles, therefore, the defendant improperly removed them from the premises on which they were to be kept under the terms of the contract of hiring and is consequently responsible for their loss. (Civ. Code, sec. 1930.)

The other rugs were rented expressly for the purpose of use at the automobile show, exhibits 3, 4, 5 and 6 bearing the notation "During Auto Show", and the liability of defendant depends upon the effect of the printed condition at the bottom of the delivery sheets. The appellant insists, first, that it is not a part of the contract, and second, that it is but a restatement of the responsibility imposed by law upon the bailee and does not enlarge its liability.

It is clear that the printed stipulation, "renters responsible for loss or damage of goods while in their possession", if effective at all, operated to enlarge the liability of the bailee. The language is unconditional and makes no attempt to limit the bailee's risk to loss occurring through his own negligence. (*Wilmington Trans. Co.* v. *O'Neil,* 98 Cal. 1 [32 Pac. 705].)

That the printed stipulation upon the bottom of the delivery sheet, placing upon the bailee responsibility for loss or damage, is a part of the contract of bailment is settled by *Taussig* v. *Bode & Haslett,* 134 Cal. 260 [66 Pac. 259, 86 Am. St. Rep. 250, 54 L. R. A. 774]. Photostatic copies of the delivery sheets are contained in the record and it appears therefrom that the stipulation is as plainly printed upon the face of the document as was the condition upheld in the cited case. The delivery sheets contained the essential conditions of the bailment, they were signed by the bailee, or its agent appointed for that purpose, at the time of the delivery of the articles hired, and a duplicate was retained by each party. ■ We think it cannot be denied that "the person receiving the paper should as a reasonable man understand that it contained terms of the contract which he must read at his peril, and regard as part of the proposed agreement". (See Williston on Contracts, vol. I, sec. 90a et seq.) The distinctions pointed out in *Wilson* v. *Crown Transfer etc. Co.,* 201 Cal. 701, 713 [258 Pac. 596], are not present in this case, but on the contrary, the language of this court in *Taussig* v. *Bode & Haslett, supra,* which is therein approved, is equally applicable here. "It (the condition) was printed plainly on the face of the receipt. The whole paper is extremely brief. It was the duty of respondents to take note of its contents, if they had the opportunity, and their opportunity was ample. The presumption, therefore, is, that they did read it. Against this presumption there is no evidence, and none, we think, would be admissible to show that the respondents had failed to do what their duty required them to do."

■ While appellant makes no separate point of the lack of authority of Zier and Reindl to sign the delivery sheets on its behalf, this argument is included in its statement of the facts. It is insisted that neither Zier, a salesman, nor Reindl, who was not an employee of the company but maintained a garage in the same building, had authority to contract for the company. The implied finding of the trial court

that they were the agents of the Mercedes-Benz Company in these transactions is amply supported by the evidence. Arzivian testified that Zier signed the first set of delivery sheets at the direction of Smith and in his presence; that the next two rugs were called for by a man with a Mercedes-Benz car after Arzivian had received a telephone call from the appellant company saying they required two rugs for the auto show and would send a man for them who would sign for them. Reindl admits signing the delivery sheets. The set of delivery sheets evidencing the hiring of the fourth rug were signed by Zier. Accepting this testimony as true, it will at least support a finding of an ostensible agency, in reliance upon which the plaintiffs turned over their rugs for use by defendant.

The judgment is affirmed.