TEXAS Co. v. ADELMAN et al.

*99 P. 2d 874.*

No. 28732. Nov. 28, 1939.

Rehearing Denied March 5, 1940.

Application for Leave to File Second Petition for Rehearing Denied March 12, 1940.

Ames, Cochran, Monnet, Hayes & Ames, of Oklahoma City, for plaintiff in error.

Leslie L. Conner and Robert C. Nowlin, both of Oklahoma City, for defendants in error.

WELCH, V. C. J. The question presented here is one of construction of a lease contract given by the Texas Company to Adelman and Venator.

The second and twelfth paragraphs of the lease provide:

"(2) Term. This lease shall remain in full force and effect for a period of one (1) year beginning December 31, 1936, and ending December 30, 1937, and thereafter from year to year subject to termination by either party at the end of the first year or any subsequent year on ten (10) days notice.

"(12) Prior Leases. This lease is subject to the terms and conditions of the lease, if any, between lessor and the owner of the demised premises, and this lease shall automatically terminate upon the termination, cancellation or expiration of said lease between lessor and the owner of the demised premises."

The Texas Company at the time the above lease was entered into held the property under a lease from one Newton for a five-year period from August 15, 1932, at the monthly rental price of $100 and that lease contained the following provision:

"(11) Lessor grants the lessee the option to renew and extend this lease for an additional five years upon the expiration of the first five-year period, at a monthly rental of $100 and upon the same terms and conditions of this lease."

The Texas Company did not exercise its option to extend the terms of the Newton lease and notified Newton that it was removing its property and surrendering the premises to him on August 15, 1937. Some three or four days prior to August 15, 1937, the Texas Company notified Adelman and Venator that it was surrendering the premises to its lessor, and that it would remove its property by August 15, 1937. It did so remove the same.

It is the theory of the Texas Company that its lease with Newton expired on August 15, 1937, and that by virtue of paragraph 12 of its lease to Adelman and Venator that lease also expired or was terminated, and that it is therefore not liable to its lessees for its action in de-

claring its sublease at an end and its failure to protect them in the quiet enjoyment of the premises to December 30, 1937.

Contrary thereto, Adelman and Venator contend that their lease contract extended to December 30, 1937, and that paragraph 12 thereof does not provide for its sooner termination under the conditions and for the reasons present herein.

It is obvious that it is necessary for us to determine the intention of the parties in inserting paragraph 12, supra, in the sublease contract. Under the theory of the Texas Company, the same amounts to an option to be exercised by it at will. Under Adelman and Venator's theory, the paragraph is only a saving clause to protect the lessor against eventualities not reasonably subject to its control.

In determining the question we are mindful of the general rules that contracts must be construed as made by the parties, even though the result may appear to be harsh, and that the intention of the parties must be ascertained from what they have placed in the written contract, and that the contract must be construed as a whole and that construction adopted which gives effect to every part thereof, to all of which plaintiff in error has called to our attention.

Of all the rules relating to the construction of contracts the one of most importance is that the intention of the parties at the time of the contract must control. If that intention is clearly and unequivocally expressed in the written contract, the literal words thereof must generally prevail. If, however, the contract or any part thereof is reasonably susceptible of different meanings, it then becomes necessary to resort to other established rules, many of which are called to our attention in the briefs here.

Here we must consider whether this lease contract is so constructed as to be clear and unequivocal, and reasonably susceptible of but one meaning as to the terms of its duration.

Paragraph 2 thereof, quoted supra, clearly indicates that it was the intention of the parties to lease the premises for one year ending December 30, 1937. This provision was modified, however, by paragraph 12 of the contract. We think it cannot be said that at the time of making the sublease contract the Texas Company intended that the same should run only to August 15, 1937. If so, it would have simply so specified, instead of specifying December 30th as the end of the term.

We think it clear that at the time the contract was made the sublessees wanted to hold the property to December 30th and that the Texas Company wanted them to hold the same to that date, and contracted with them to that end, subject, however, to certain conditions subsequent which are provided for in paragraph 12.

Is it clear from paragraph 12 that the Texas Company reserved the right to terminate the present sublease by merely choosing to relinquish its option which it held under the Newton lease? Or may it reasonably be said that paragraph 12 was inserted for the purpose only of protecting lessor from contingencies not within its reasonable control? We think such provision is not clear and unequivocal on that point.

We do not dispute the sublessor's right to have reserved the privilege to terminate the present lease for reasons wholly within its own choice, but such a reservation would be obviously for the benefit of the lessor, and contrary to the tenor of the contract as a whole, and such a right should be clearly expressed to be effective. This lease was prepared by, and on a form of, the Texas Company, and any doubt as to the meaning of such paragraph should be interpreted most strongly against the party who caused the uncertainty to exist. Section 9478, O. S. 1931, 15 Okla. St. Ann. § 170.

It is urged that the sublessees were charged with knowledge of the terms of the Newton lease. Even so, the Texas Company was likewise so charged. Had sublessees examined the Newton lease at

length and in detail, they would have seen therefrom that their lessor, the Texas Company, had the absolute right thereunder to hold the premises for a period beyond the expiration date of the present lease, and they would not have been informed thereby that their lessor did not intend to continue to so hold the same. On the contrary, the knowledge of the right given the Texas Company under the Newton lease, together with the insertion by it of the specific expiration date of December 30, 1937, is reasonably calculated to lead them to believe that their lessors intended to continue to hold under the Newton lease. We think the present lease reasonably indicates an intention on the part of the Texas Company to continue to hold under the Newton lease at the time it entered into the present lease contract. If it desired to retain the right to reserve its decision in that regard, or to change its intention thereafter, it could easily have so provided by appropriate language in the contract, to the end that no one would have been confused or misled thereby. The sublease as written implies an intention and agreement to exercise the option to extend the Newton lease.

Plaintiff in error cites Hicks v. Mid-Kansas Oil & Gas Co., 182 Okla. 61, 76 P. 2d 269, as analogous and in support of its theory. We do not find it so.

Likewise it cites Illinois Starch Co. v. Ottawa Hydraulic Co. (Ill.) 17 N. E. 486; Georgeous v. Lewis (Cal. App.) 128 P. 768; Pedro v. Potter (Cal.) 242 P. 926; Kushner v. Home Service Co. (Cal. App.) 267 P. 555; Willis v. Thomas (Tex. Civ. App.) 9 S. W. 2d 423, as supporting its views. Those cases would be in point if the Newton lease herein discussed had been canceled or had terminated against the will of the Texas Company, or if the present lease disclosed an intent on its part to reserve the right to subsequently choose to refuse to hold under the Newton lease. Such is not this case.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.