[Civ. No. 16313. Second Dist., Div. Two. June 8, 1948.]

ROBERT PITCAIRN FOLTZ, Appellant, v. FIRST TRUST & SAVINGS BANK OF PASADENA, as Executor, etc., et al., Respondents.

John H. Klenke and Earle L. Winnett for Appellant.

Brooke, Dunlap & Ross and Emrys J. Ross for Respondents.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendants predicated upon the sustaining of defendants' demurrer to the first amended complaint.

It was alleged in plaintiff's complaint, as amended, that he was a second cousin of Robert Pitcairn, deceased; that prior to decedent's death, his mother, who was an affluent person, had an altercation with her son and threatened to disinherit him. The plaintiff interceded with the mother on behalf of her son (decedent) with the result that upon her death she left her son a substantial portion of her estate. On February 17, 1946, decedent wrote plaintiff a letter reading as follows:

"Dear Bob: In reply to yours of the 9th., I will start in March between the 15th. and 30th. each quarter, that is, in March, June, Sept. and Dec. and send you a check for $210.00

or $840.00 per year. That will give you, with your Social Security and pension, $1,354.56 income a year or a little better than $112.00 a month and we see how ·that works out. If I send your check every three months it makes it simpler for me than monthly and it just happens that I have more cash on hand in March, June, Sept. and Dec. than at other times. I hope this is sufficient to carry you along without causing you any hardship. I may turn this into an annuity later, but have not had time yet to investigate the matter.

"I note what you say about the Cemetary lot and will wait until I hear from you.

"I don't think I will forget to send check, but if I should do so, write me a note and be sure to keep me posted on any change in your address.

'If I ever come to Pittsburgh, will surely get in touch with you, but I cannot see any prospect of my coming East in the near future. On second thought I enclose first check and caution you not to blow it all in at once, as the next check will not arrive until June.

"With love to you both, your cousin
Robert Pitcairn"

It is further alleged that decedent did not make any provision, either by will, trust or annuity to pay plaintiff the $70 per month referred to in the above letter. The complaint then seeks in the prayer a judgment against defendant bank as executor of decedent's estate, and defendant McComb as the sole legatee and devisee under Robert Pitcairn's last will and testament.

This is the sole question presented for our determination:
*Do the foregoing facts state a cause of action against defendants, or either of them?*

This question must be answered in the negative and is governed by these rules:

(1) Where a written instrument on which a cause of action is founded is pleaded in *haec verba*, the construction of the instrument is controlled by its terms and not by any allegation in the complaint as to its legal effect. (*M. Friedman & Co. Ltd.* v. *Sterling F. Co.*, 140 Cal.App. 685, 688 [35 P.2d 1064].)

(2) Section 1614 of the Civil Code of California[1] is not applicable to ordinary letters and does not raise a pre-

[1]Section 1614 of the Civil Code reads:
"A written instrument is presumptive evidence of a consideration."

sumption that there is consideration for them. (*Weisbrod* v. *Weisbrod,* 27 Cal.App.2d 712, 718 [81 P.2d 633].)

■ (3) Under section 1606 of the Civil Code,[2] a moral obligation is insufficient to support an express promise where there has not been a prior legal obligation founded on good and valuable consideration. (*Estate of McConnell,* 6 Cal. 2d 493, 498 [58 P.2d 639].)

■ (4) The gift of a donor's promise, either *inter vivos* or *causa mortis,* does, not create an obligation in favor of the donee against the estate of the donor. (*Estate of McConnell, supra,* p. 495.)

■ Applying the foregoing rules to the facts of the present case, it appears that the document signed by decedent was merely a letter written by him to plaintiff in which he made certain promises. The letter not being an instrument within the provisions of section 1614 of the Civil Code, there is no presumption that it was supported by consideration, and as the pleading failed to allege any prior valuable consideration for the promise, under rule 3, *supra,* any moral obligation resting upon decedent in favor of plaintiff did not constitute a sufficient consideration to constitute the letter a contract between the parties. Finally, since a promisor may not make a gift of his own promise, which is enforceable against the promisor's estate (see rule 4, *supra*), there is no merit in the contention that decedent gave plaintiff an annuity during his lifetime.

AUTHORITIES CITED BY PLAINTIFF-APPELLANT

*Driscoll* v. *Driscoll,* 143 Cal. 528 [77 P. 471], is not applicable to· the present case for the reason that in the cited case a deed was involved, which obviously was a formal written instrument importing a consideration.

In *Dabney* v. *Dabney,* 9 Cal.App.2d 665 [51 P.2d 108], the decedent employed plaintiff to care for decedent's invalid brother. Thereafter, he signed a written agreement providing that if she married his brother and continued to care for him, he would pay her $100 per month during the brother's lifetime, and so long thereafter as she remained his widow. It is evident that in this case there was a clear

[2]Section 1606 of the Civil Code reads:

"An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice ·suffered by the promisee, is also· a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise."

promise supported by a past, present and future legal consideration.

In the *Estate of Bourn,* 25 Cal.App.2d 590 [78 P.2d 193], the decedent bequeathed to plaintiff an annuity of such an amount as, when added to any annuity or annuities provided for plaintiff by decedent's husband, would equal a total of $8,400 per year. The only question involved was whether a bequest of the income from a portion of the husband's estate was an annuity.

In *Carrington* v. *Smithers,* 26 Cal.App. 460 [147 P. 225], there was a definite employment and promise to pay a broker's commission. The relevant issue was whether, since the promise to pay was not reduced to writing until after most of the services had been rendered, it was enforceable. In such case it was held that the moral obligation to pay for the services was sufficient to support the written promise to pay, and it is obvious that the consideration rendered was not a mere moral obligation but was good and valuable consideration.

In *Medberry* v. *Olcovich,* 15 Cal.App.2d 263 [59 P.2d 551, 60 P.2d 281], plaintiff's son was injured by an automobile operated by defendant's son. Defendant told plaintiff to incur reasonable and necessary medical expenses for the injured boy, and to present the bills to him and he would pay them. This plaintiff did. Clearly, in such case, as pointed out by the Supreme Court in denying a petition for hearing (see *Medberry* v. *Olcovich, supra,* pp. 271 and 272) there was sufficient legal consideration for defendant's promise and the consideration was not purely a moral obligation.

*Estate of Hall,* 154 Cal. 527 [98 P. 269]; *Francoeur* v. *Beatty,* 170 Cal. 740 [151 P. 123]; *Driscoll* v. *Driscoll,* 143 Cal. 528 [77 P. 471], did not involve an attempt by a donor to make a gift of his own promise.

Since each of the cases relied upon by defendant is clearly factually distinguishable from the present case, they are here not applicable.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.